## THE STATE *v.* KITTRELL.

1. CRIMINAL LAW. *Practice.* An order to file a bill of indictment *ex officio* need not show cause; it is sufficient, where it appears to the court that the person has committed the offense, to authorize the Attorney General to prosecute *ex officio;* nor is it essential that the order should state the person on whom the offense has been committed.

   Cases cited: Simpson *v.* The State, 4 Hum., 456; Bennett *v.* The State, 8 Hum., 123.

   Code cited: Secs. 5996, 5097.

2. SAME. *Abbreviation.* "A & B" is a legitimate abbreviation for assault and battery.

---

FROM PERRY.

---

Appeal from the Circuit Court. T. B. BATEMAN, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

No brief on file for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Kittrell was indicted in the Circuit Court of Perry county for an assault and battery on James Dikes. A motion was made to quash the indictment, first, for want of a proper prosecutor; second, because the Attorney General prosecutes upon an order of the court, which is informal and insufficient.

The motion was sustained, and the indictment quashed. The State appeals.

The order of court on which the Attorney. General of the district prosecuted the defendant was as follows:

" This day comes the Attorney General and moved the court for leave to file a bill of indictment against R. W. Kittrell for A. & B., and prosecute the same *ex officio,* which motion is allowed, and said bill ordered to be filed."

The Attorney General is forbidden to prefer a bill of indictment to the grand jury without a prosecutor marked thereon (Code, sec. 5996), except in the cases provided for in sec. 5097.

One of these exceptions is " upon an order of the Circuit or Criminal Court to file an indictment officially, which may be made when it appears to the court that an indictable offense has been committed, and that no one will prosecute."

It was held, in the case of *Simpson* v. *The State,* 4 Hum., 456, that it was not necessary that the order should show that it was made upon examination of witnesses, as directed by the act of 1842, but that it would be presumed, in the absence of proof to the contrary, that he had legally discharged his duty.

In *Bennett* v. *The State,* 8 Hum., 123, it was held that if the order fail to state that no one will prosecute, it will be presumed that this fact was properly made known to the court before the order was made. These cases carefully meet the objection that the order does not recite that it appears to the ·court that an indictable offense has been committed, and that no one will be prosecutor.

There is nothing in the objection that the order

does not sufficiently describe the offense to be indicted. The offense is described as A. & B.; this is a legitimate abbreviation for assault and battery, constantly recognized in legal proceedings. Nor was it essential that the order should state the person on whom the assault and battery was committed. It was sufficient, if it appeared to the court that defendant had committed an assault and battery, to authorize the Attorney General to prosecute *ex officio.*

We are of opinion that the court erred in quashing the indictment.

Judgment reversed and cause remanded.