**Clifford Carl CRAFTON and/or Carl Clifford Crafton, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Sept. 14, 1976.

Certiorari Denied by Supreme Court Dec. 6, 1976.

R. A. Ashley, Jr., Atty. Gen., David L. Raybin, Asst. Atty. Gen., Nashville, Thomas Evans and Lawrence Edward Young, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

H. Wayne Grant and Howell G. Clements, Chattanooga, for appellant.

## OPINION

DWYER, Judge.

The appellant appeals in the nature of a writ of error two judgments from the Criminal Court of Hamilton County rendered on jury verdicts finding him guilty of committing two armed robberies with punishment on one of confinement for life and punishment for life on the other after being found by the same jury to be an habitual criminal.

There are several assignments of error contending that the verdicts as returned were contrary to the law and evidence and, therefore, the judgments should be set aside.

We will narrate the evidence as reflected by the record that is before us.

On the early afternoon of May 24, 1975, this appellant, armed with a .38 caliber pistol, robbed at gunpoint a customer and the owner of Lee's Pharmacy located at 2525 South Broad Street in Chattanooga. He took a billfold containing $232.00 from a Mr. Cross, a customer, who unwittingly entered the pharmacy while the holdup was in progress. Also at gunpoint, he took drugs in the amount of $290.00 and $550.00 in cash from the pharmacist and cash register of that store.

A Mrs. Lee, wife of the owner, fled from the store during the holdup and sounded the alarm when the appellant went into the back of the pharmacy to obtain drugs from the safe.

A Mr. Conley, working in a hardware store next door, responding to Mrs. Lee's cries for help, ran out the back of his store

and saw a man fleeing in an automobile. He wrote down the license number of this car, which assisted in the arrest of appellant a few days later in Franklin, Tennessee. The appellant, while being transferred from Franklin to Chattanooga by officers of that city, made an oral admission of committing this robbery to them.

The appellant gave a written statement acknowledging his guilt of the robbery at the police station in Chattanooga. A paper bag dropped by the armed robber in the pharmacy had the appellant's right thumb print thereon. An employee, Mrs. Ivalene Cole, Mrs. Lee, Mrs. Laura Cole, an employee, Mr. Plemons, the pharmacist, and Mr. Cross all identified the appellant as the holdup man.

■ With the aforerelated identifications plus the thumb print, the license number on the car that led to his arrest in Franklin, coupled with his oral and written admissions and no proof offered by the appellant, the evidence is overwhelming as to his guilt of these convictions. The assignments as to the sufficiency of the evidence are overruled.

■ He urges that the trial court erred in denying his motion for a preliminary hearing. While we question the validity of his waiver of a preliminary hearing on the drugstore robbery, i. e., the magistrate testifying that the appellant appeared to be in pain, at the second preliminary hearing on the holdup of the customer, he waived the hearing through counsel. With no prejudice being shown and the proof of guilt overwhelming, if the questionable first waiver was error, it was harmless. This assignment is therefore overruled.

■ The assignments contending that the oral admissions and written statements were incompetent because he was a drug addict and confessed in order to get treatment and that the *Miranda* warnings given were inadequate because he was not advised that he could discontinue the questioning by the officers are meritless. The trial court held a full hearing out of the presence of the jury on these matters and found that the confessions were voluntary and that the appellant was properly advised of his rights. The evidence in the record supports the finding of the trial court. *Lloyd v. State,* 223 Tenn. 1, 8, 9, 440 S.W.2d 797 (1969). The failure to advise that he could discontinue the questioning does not make the warnings inadequate. *Mock v. Rose,* 472 F.2d 619, 621, 622 (6th Cir., 1972). These assignments are overruled.

■ The consolidation of the cases for trial under the facts and circumstances detailed in our narration of the evidence was proper. *Hayes v. State,* 4 Tenn.Cr.App. 360, 371, 372, 470 S.W.2d 950 (1971). This assignment is overruled.

■ There are multiple assignments concerning the habitual count in the armed robbery indictment in which the customer, Mr. Cross, was the victim. There were five prior convictions alleged in the second count of that indictment. The appellant asserts that, being under the age of twenty-one at the time of his convictions in Oklahoma, he was a juvenile and therefore these convictions are not valid for habitual purposes. While we are not impressed with appellant's argument, assuming arguendo it is valid, with two other out of the state convictions alleged in the indictment and one within the state there is ample proof to sustain the habitual count. Accordingly, we reject his reasoning that the convictions must either be for three out of the state or three within and cannot be a combination of the two types. The intent of the statute is to enhance the punishment of repeated offenders. We think the requisite criterion to achieve that purpose is three prior convictions of the designated crimes whether within the confines of the state or without. This assignment is overruled.

■ The trial court allowing a witness to express what he thought during the holdup had no effect on the results under the evidence as narrated. This assignment is overruled.

■ The inadvertence of the officer testifying that appellant's education consisted of two or three years of college while in jail

was cured by prompt instructions of the court. *Pryor v. State,* 217 Tenn. 695, 706, 400 S.W.2d 700 (1965). This assignment is overruled.

 The admission into evidence over objection of the license plate removed from the appellant's automobile that was impounded after his arrest in Franklin without a search warrant was not error and this assignment is accordingly overruled.

 The trial court did not err in denying appellant's special requests, as to identity, credibility of witnesses, opinions of witnesses (expert testimony), definitions of larceny, the test of insanity; all were either covered by the charge or not required because the issue was not raised by the evidence.

 Lastly, we find no error in the court's refusal to charge at the end of the hearing on the habitual count:

"I charge you that the felony charge and the habitual charge may be conducted in single proceedings but they are essentially independent of each other and the jury may find the defendant guilty on the felony charge and innocent of being a habitual criminal."

This would perhaps have been a proper request if the proceedings had not been held, as here, in a bifurcated posture. *Wright v. State,* 217 Tenn. 85, 93, 94, 394 S.W.2d 883 (1965). These assignments are overruled.

The judgments of the trial court are affirmed.

DUNCAN, J., and ERNEST PELLEGRIN, Special Judge, concur.