James HENDERSON, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Oct. 5, 1978.

Certiorari Denied by Supreme Court Dec. 8, 1978.

Edward Witt Chandler, Seattle, Wash., for appellant.

William M. Leech, Jr., Atty. Gen., Robert A. Grunow, Asst. Atty. Gen., Nashville, A. H. Schoonover and Theodore Neumann, Asst. Dist. Attys. Gen., Trenton, for appellee.

## OPINION

DWYER, Judge.

The appellant appeals his conviction for possessing L.S.D., a Schedule I drug, T.C.A. 52–1413(c)(9), with the intent to sell, with resulting punishment of confinement for not less than five nor more than seven years. This is appellant's second conviction for committing this offense, his first conviction having been reversed and remanded for a new trial by our Supreme Court in *State v. Henderson,* 554 S.W.2d 117 (Tenn. 1977).

The appellant's assignments of error are these: (1) the trial court erred in refusing appellant's special request regarding entrapment; (2) there was no evidence in the present case to indicate that the substance sold by the appellant to the undercover agent was the Schedule I substance, lysergic acid diethylamide; and (3) the harsher jury imposed sentence upon retrial is constitutionally impermissible.

We will summarize the evidence as found from our review of this record. That uncontroverted evidence concisely reflects from the testimony of the State's witness, Ms. Pierce, that the appellant on November 18, 1974, was driving his automobile on Highway 79. At that time another automobile pulled in back of his and flashed its lights causing appellant to pull over and off the highway in front of the Silver Hook parking lot in Henry County. The driver of the automobile that caused appellant to pull off the road was one Billy Olds. In the car with Billy Olds was a Ms. Pierce, undercover agent employed by the Sheriff of Henry County to ferret out drug violators in that county. Olds at that time was told by the appellant he had some marijuana and wanted to know if Olds wished to buy any. Olds responded he did not have any money; that Ms. Pierce, his companion, might want to buy some. The two vehicles them moved to Uncle Lee's parking lot, located on Highway 79. At that time the appellant handed Ms. Pierce a bag of marijuana and Ms. Pierce paid the appellant $20. The appellant also advised Ms. Pierce he had some "blond acid" for sale at $2.50 a hit. Ms.

Pierce gave the appellant $5 for two hits of L.S.D. The contraband was turned in later by Ms. Pierce to the Sheriff of Henry County and this was forwarded to the toxicology laboratory at the University of Tennessee in Memphis where it was analyzed and the evidence showed that it was L.S.D. or lysergic acid diethylamide.

The appellant did not testify and offered no proof.

In appellant's first assignment of error he urges that the trial court erred in not charging some seventeen variations of instructions regarding the defense of entrapment. We think with the uncontradicted evidence as narrated reflecting that the agent simply asked the appellant if he had any drugs for sale, and being told by the appellant that he had some "blond acid" and sold her two hits for $2.50 apiece, there is not one scintilla of evidence to support his theory that the appellant was lured, induced or enticed into committing this act. From the set of facts as detailed by the agent it is crystal clear that the appellant was predisposed to sell the contraband. It would stretch the imagination to fit an entrapment theory into these circumstances where appellant was in possession of the contraband and made the offer to sell to the agent. Absent any evidence to support the request, there was no error in the trial court refusing these seventeen special requests. *Poe v. State,* 212 Tenn. 413, 370 S.W.2d 488 (1963); *Crafton v. State,* 545 S.W.2d 437 (Tenn.Cr.App.1976). This assignment is therefore meritless and overruled.

In his second assignment of error the appellant made a motion for a directed verdict at the conclusion of the State's proof on the theory that L.S.D. as alleged in the indictment was insufficient to indicate that the substance sold by the appellant to the undercover agent was a Schedule I substance. While we think the better practice would have been to specify lysergic acid diethylamide, we do not think the appellant was handicapped or misled by the use of the initials in referring to the controlled substance in the indictment. *State v. Kittrell,* 66 Tenn. 167 (1874). There is no merit in this assignment and it is accordingly overruled.

Appellant contends in his third assignment of error that the punishment of five to seven years was harsher than the punishment imposed at his first trial of not less than five nor more than six years, and argues that the imposition of the harsher sentence was constitutionally impermissible, citing *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 21 L.Ed.2d 258 (1969). With absolutely no evidence to reflect that the jury in the case sub judice was aware of the punishment imposed on the appellant in the first trial, coupled with a total lack of evidence to support any argument that the greater punishment on the second trial was a denial of due process or indicative of vindictiveness, there is no merit in this assignment. *Somerville v. State,* 521 S.W.2d 792 (Tenn.1975); *McGlothlin v. State,* 521 S.W.2d 51 (Tenn.Cr.App.1974). This assignment is accordingly overruled.

The judgment of the trial court is affirmed.

DUNCAN and BYERS, JJ., concur.