**STATE of Tennessee, Appellee,**

v.

**Mack WALLACE, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Aug. 31, 1983.

Permission to Appeal Denied by Supreme Court Dec. 27, 1983.

Mark Collier, Dickson, for appellant.

William M. Leech, Jr., Atty. Gen., Kimberly J. Dean, Asst. Atty. Gen., Nashville, Daniel W. Cook, Asst. Dist. Atty. Gen., Ashland City, for appellee.

## OPINION

DWYER, Judge.

Appellant was convicted of a crime against nature, to-wit: sodomy per anus, T.C.A. § 39–2–612, and attempt to commit a felony, T.C.A. § 39–1–501. Punishment was set at imprisonment for not less than five nor more than seven years on the former conviction and not less than one nor more than two years on the latter conviction. The conviction of sodomy per anus was considered to trigger the habitual criminal act, T.C.A. § 40–2801, *et seq.* (now T.C.A. § 39–1–801, *et seq.*), enhancing appellant's sentence to imprisonment for life.

There are twenty issues raised on this appeal. The State relies on Rule 10(b) of the rules of this Court and T.R.A.P. 27(a)(7) to argue that issues 3(a), 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 17 are waived due to appellant's failure to adequately brief them. We have examined appellant's treatment of these issues in his brief and are in accord with the State. *Moorman v. State,* 577 S.W.2d 473 (Tenn.Cr.App.1978). Moreover, many of these issues direct the court to an "appendix" which accompanied his brief when it was filed. There was no resort to T.R.A.P. 24(e) and no approval of these documents by the trial court. Appellant has the burden of having prepared a transcript which conveys a fair, accurate, and complete account of what transpired with respect to those issues which are the basis of an appeal. T.R.A.P. 24(b). We will not consider those issues for which the record is inadequate. It is not the duty of this Court to sort out and labor through issues not properly presented.

Because issues 1, 2, and 5 attack the sufficiency of the evidence, we will narrate the evidence as found from our review of the record.

The appellant was charged in two presentments with committing the offense of crime against nature. In the second count of each presentment, he was accused of being a habitual criminal. The offenses involved the same victim, an eighteen-year-old youth, and grew out of an incident in which appellant forced the victim to submit to oral and anal intercourse while the two were imprisoned in a jail cell in Waverly on September 8, 1979. When the young man was placed in the cell, the appellant told him that if he was still there by nightfall, he would be his "bitch". In a short while, the youth related appellant grabbed him by the hair, started slapping and choking him, and forced him into the shower which adjoined the cell. In there he penetrated the youth's rectum with his penis and then made him commit fellatio. Another prisoner in the same cell where the assault was occurring passed a note to a prisoner in an adjoining cellblock disclosing, "Brad's getting f_____ now." This prisoner then began kicking on the steel separating wall, prompting the arrival of the sheriff. When the sheriff entered the cell, he found the victim trembling and brushing his teeth.

The appellant offered no proof.

■ The evidence is viewed on appeal in the strongest legitimate light to the theory of the State. *State v. Cabbage,* 571 S.W.2d 832 (Tenn.1978). It is appellant's contention that the victim was an accomplice and that his uncorroborated testimony will not support a conviction. However, the evidence clearly reflects that appellant performed these despicable acts on the victim by the use of force and without consent. With evidence that appellant slapped his victim, pulled his hair, choked him, and threatened to make him his "bitch," it cannot be seriously contended that the victim was an accomplice; that theory is accordingly rejected. *See Bethany v. State,* 565 S.W.2d 900, 903 (Tenn.Cr.App.1978). Under the facts as narrated, any rational trier of fact would find appellant guilty beyond a reasonable doubt. T.R.A.P. 13(e). The issues attacking the sufficiency of the evidence are overruled.

■ In his issue 19, appellant complains that the court erred in its charge to the jury on the definition of the offense of sodomy. The trial court's charge in this area is quoted below:

"As heretofore stated, the defendant is charged in the presentments in each of these cases with the offense of crime against nature.

"Any person who commits a crime against nature, either with mankind or beast, is guilty of a felony."

"Crimes against nature, more commonly known as sodomy, consist of carnal copulation between persons of different sex but in an unnatural manner.

"Sodomy, in the narrow meaning of the term, is the carnal copulation between two human beings, per anus, or carnal copulation by a human being in any manner with a beast. In its broader meaning, sodomy is the carnal copulation by human beings with each other against nature or with a beast, in which meaning it includes all acts of unnatural copulation.

"Fellatio, that is, an act of sexual perversion committed with the male sex organ and the mouth of another, constitutes the offense of a crime against nature. In addition, carnal copulation between two human beings per anus constitutes a crime against nature.

"For you to find the defendant guilty of this offense, the State must have proven beyond a reasonable doubt that the defendant committed the alleged crime against nature."

This charge was taken from T.P.I. § 9.04. There is no error here. The issue is overruled.

In the next group of issues, appellant assaults the jury's finding that he is a habitual criminal. At the habitual criminality portion of the trial, the State proved a conviction of appellant in Arkansas for possession of stolen property and two convictions in Alabama for forgery. The forgery convictions were, by agreement, treated as one offense. The State also proved a con-

viction in Giles County, Tennessee for attempting to pass a forged instrument.

■ Appellant's first contention in this area is that the trial court erred by holding that the Arkansas conviction for possession of stolen property was a countable offense under T.C.A. § 40–2901. In order for the statute to apply, the accused must have been convicted of three felonies, at least two of which were among those specified in the statute. Both sides agree that the Alabama convictions constitute one countable offense and that the Giles County conviction may not be counted. However, appellant contends that the Arkansas conviction would be equivalent to petit larceny if committed in Tennessee and is thus not countable. The terms of that information are that:

> "The said defendant on the 1st day of July, 1967, in Crittenden County, Arkansas, did unlawfully, and feloniously have in his possession one battery charger of the value of more than $35.00 that had been stolen from George Zanone, Horseshoe Lake, Arkansas, knowing said battery charger to have been stolen with the intent to deprive the owner of possession and the value thereof."

■ Using the analysis outlined in *Evans v. State*, 571 S.W.2d 283 (Tenn.1978), we have determined that this offense, if committed in Tennessee, would constitute the crime of receiving stolen property. *See Meade v. State*, 530 S.W.2d 784 (Tenn.Cr. App.1975). This offense is not equivalent to petit larceny because it fails to allege trespass and felonious taking possession and carrying away. *Yearwood v. State*, 2 Tenn. Cr.App. 552, 455 S.W.2d 612 (1970). This issue is overruled.

■ In his second attack on the habitual criminal finding, appellant urges that the three convictions must be either all in-state or all out-of-state and the two types cannot be mixed. We held to the contrary in *Crafton v. State*, 545 S.W.2d 437 (Tenn.Cr.App. 1976). In the case at hand, there were two out-of-state convictions and one in-state conviction. The requirements of the statute are met, and the issue is without merit.

■ Appellant's final contention in this area is that the conviction for crime against nature, to wit: sodomy per anus, cannot be a triggering offense under the statute. The triggering offenses listed under T.C.A. § 40–2802 (now § 39–1–802) include the list of infamous crimes in T.C.A. § 40–2712 (now replaced by T.C.A. § 40–20–112). Under *Evans v. State, supra,* the Supreme Court held that a conviction for a crime against nature could be considered a triggering offense only if the acts involved in the offense would have constituted sodomy or buggery at common law. The jury in the present case found appellant guilty of sodomy per anus, which meets the common law definition of sodomy. *Id.* at 287–88. The conviction was properly treated as a triggering offense. The issue is overruled.

The last issue complains of alleged error by the trial court in ruling that a certain statement was hearsay. During appellant's cross-examination of the victim, the following exchange took place:

> "Q: Had you not determined either from reading the article yourself or from someone else telling you about the article that it would be to your advantage to be marred in the face when you went in for this hearing?
>
> "A: Okay. I was told about the article by Peanut Milligan.
>
> "Q: All right, now, let's tell the Jury what this is. We've finally got to it. What was the article about?
>
> "GEN. COOK: I object to what he was told. Hearsay. It cuts both ways.
>
> "THE COURT: Sustained."

In D. Paine, *Tennessee Law of Evidence,* § 47 (1974), hearsay is defined as follows:

> "Hearsay evidence is testimony in court or written evidence, of a statement made out of court, such statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value on the out-of-court asserter."

■ In this case, appellant was trying to establish that whatever Milligan told the victim about the contents of the article was

actually what the article said. He was attempting to prove the truth of Milligan's description of the article, not the truth of the article itself. The trial court correctly held this to be inadmissible hearsay. This issue overruled, the judgment of the trial court is affirmed.

O'BRIEN and BYERS, JJ., concur.

BYERS, Judge, concurring.

I concur with the result reached in this case. However, I do not agree that the attempt to cross-examine the prosecuting witness about what another person related to him about a magazine article should have been excluded as hearsay.

The defendant was attempting to show a motive for the alleged victim to falsely accuse him of a sexual assault. To this end, the defendant was attempting to establish that the alleged victim was aware of an article in a magazine, which discussed a monetary judgment obtained against a sheriff by a prisoner who had been the victim of a sexual assault.

In my view, the defendant was not attempting to introduce this evidence as an assertion of the truth of the matters contained in the article. He was only attempting to show the alleged victim was aware of the possibility of obtaining a monetary judgment in a case of sexual assault on a prisoner. In this context, it makes no difference whether the person who told the alleged victim about the article accurately reported the article or not. What the alleged victim knew and believed about the possibility of obtaining a monetary judgment was the crux of this line of questioning, and thus the evidence sought in this manner was not excludable as hearsay.

I am of the opinion, however, that this was harmless error because the record shows the alleged victim did not learn of this article until after the sexual attack.