**STATE of Tennessee, Appellee,**

v.

**Barry MATHIAS, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 18, 1985.

Permission to Appeal Denied by Supreme Court March 4, 1985.

Harold R. Gunn, Humboldt, for appellant.

W.J. Michael Cody, State Atty. Gen. and Reporter, Raymond S. Leathers, Asst. State Atty. Gen., Nashville, Clayburn Peeples, Dist. Atty. Gen., A.H. Schoonover, Ted Neumann, Asst. Dist. Attys. Gen., Trenton, for appellee.

## OPINION

BYERS, Judge.

The defendant was indicted on three indictments with multiple counts. He was convicted and sentenced as follows:

*Case Number 4841—Persistent Offender*

*Count One*—Possession of marijuana with the intent to deliver or sell. Sentenced to five (5) years.

*Count Five*—Possession of marijuana with the intent to deliver or sell. Sentenced to five (5) years.

*Count Nine*—Possession of methaqualone with the intent to deliver or sell. Sentenced to ten (10) years.

*Count Thirteen*—Possession of lysergic acid diethylamide (LSD) with the intent to deliver or sell. Sentenced to fifteen (15) years.

*Count Seventeen*—Possession of benzphetamine with the intent to deliver or sell. Sentenced to eight (8) years.

*County Twenty-One*—Possession of ethchlorvynol with the intent to deliver or sell. Sentenced to five (5) years.

Counts one, five, nine, seventeen, twenty-one sentences to run concurrently with each other but consecutively to Count Thirteen sentence.

*Case Number 4853—Persistent Offender*

*Count Four*—Concealing stolen property of a value less than $200.00. Sentenced to five (5) years, sentence to run concurrently with case number 4841.

*Case Number 4854—Persistent Offender*

*Count One*—Possession of marijuana with intent to manufacture, sell, deliver or distribute. Sentenced to five (5) years.

*Count Three*—Possession of ethchlorvynol with the intent to manufacture, sell, deliver and distribute. Sentenced to five (5) years.

*Count Five*—Possession of Phentermine with the intent to manufacture, sell, deliver and distribute. Sentenced to five (5) years.

*Count Seven*—Possession of Benzphetamine with the intent to manufacture, sell, deliver and distribute. Sentenced to five (5) years.

*Count Nine*—Possession of Diazepam with the intent to manufacture, sell, deliver and distribute. Sentenced to five (5) years.

All sentences in case no. 4854 to run concurrently with each other but consecutively with case nos. 4841 and 4853.

The defendant says the trial judge should have suppressed evidence which was seized under a search warrant, says the trial court should have given an instruction on entrapment, and says the state, in closing argument, was allowed to argue matters not presented in the opening argument.

The judgments are affirmed.

■ The premises in the search warrant were described as follows:

[A] grey frame house, located approximately 1000 feet off Tn. Hy 70–79 between Humboldt and Gibson Tn. ²⁄₁₀ of a mile past Racetrack Rd. in the direction of Gibson, said house being located down the third driveway on the right past Racetrack Rd. and being in a cluster of three houses and two house trailers located down said driveway, said house being the last house on the right in said cluster of houses and being occupied by Barry Mathias and Tony Mathias.

The defendant contends that this search warrant is deficient because it describes a road used to locate the premises as being Racetrack Road rather than Grayball Road as shown on county maps and because it describes the house to be searched as being the last house on the right when he lived in, what he says, is the first house on the right.

The evidence shows that the official name of the road listed in the search warrant was Grayball Road as shown by county maps. The evidence shows, however, that approximately fifteen years before the search warrant was issued a racetrack was built at the end of this road. As a result of

this, people began to refer to the road as Racetrack Road. This practice appears to have become so prevalent that the road, in public parlance, became commonly referred to as Racetrack Road. It appears this name became so much a part of the community that most people would not recognize the location of this road if it were described as Grayball Road but would know its location when it was called Racetrack Road. From all of this, we find the use of the name Racetrack Road did not render the description of the area uncertain.

■ The defendant testified that he lived in the first house on the right on the driveway which was described in the warrant rather than in the third house on the right. The defendant drew a diagram to show this location. The defendant's diagram did not show individual driveways to the individual houses which intersect the common driveway described in the warrant.

The state's proof showed that the common driveway ran into what appears to be a cul-de-sac with three houses clustered at the cul-de-sac. Each of these, according to the proof of the state, had driveways.

The state's evidence showed the houses to be clustered in the area rather than being in linear alignment along the common driveway shown by the defendant's diagram. The state's evidence shows that when you stand facing the houses at the cul-de-sac the defendant's house is the last house on the right in the cluster of houses.

■ The test of the legal sufficiency of the description of a place to be searched is whether it will enable an officer to locate the place to be searched with reasonable certainty and prevent the search of a place on the basis of a warrant directing the search of another place. *State v. Stinnett,*

629 S.W.2d 1 (Tenn.1982); *State v. Nunley,* 675 S.W.2d 197 (Tenn.Cr.App.1984).

We find from the evidence at the suppression hearing and from the description in the search warrant that this requirement is satisfied and the trial judge properly overruled the motion to suppress the evidence.

■ The defendant may not prevail upon his claim that the trial judge erroneously failed to instruct the jury on the defense of entrapment. There is no evidence in the record to show that entrapment had occurred in the case. In order to rely upon the defense of entrapment, the defendant must make out a prima facie case of entrapment, whereupon the burden shifts to the state to show beyond a reasonable doubt that the defendant had the predisposition to commit the crime. *State v. Jones,* 598 S.W.2d 209 (Tenn.1980).

The defendant, who did not testify, attempted in cross-examination to show that the undercover officers induced or enticed the defendant into committing these crimes. The effort was futile and did not raise any evidence which would make entrapment a disputable issue requiring such a charge. *See Jones, supra; Henderson v. State,* 576 S.W.2d 10 (Tenn.Cr.App.1978).

■ The complaint of the defendant about the argument of the state cannot be considered by the Court because the argument complained of is not preserved in the record before us.

WALKER, P.J., and DUNCAN, J., concur.