**NUCLEAR FUEL SERVICES, INC., Plaintiff,**

v.

**LOCAL # 3–677, OIL, CHEMICAL, AND ATOMIC WORKERS INTERNATIONAL UNION, Defendant.**

**In re LOCAL # 3–677, OIL, CHEMICAL, AND ATOMIC WORKERS INTERNATIONAL UNION, Alvin Higgins, Christopher Ledford, Greg Copp, William Peterson, and Wayne Randolph, Contemnors-Appellants.**

Court of Criminal Appeals of Tennessee, at Knoxville.

June 23, 1986.

Permission to Appeal Denied by Supreme Court Oct. 6, 1986.

Helen DeHaven, Knoxville, for contemnors-appellants.

W.J. Michael Cody, Atty. Gen., & Reporter, Gordon W. Smith, Asst. Atty. Gen., Nashville, for plaintiff.

OPINION

DWYER, Judge.

The contemnors-appellants appeal of right, T.R.A.P. 3(b), their convictions of contempt, T.C.A. § 29–9–101, *et seq.*, by the circuit court of Unicoi County.

Pursuant to a judgment entered on June 19, 1985, Wayne Randolph was found guilty on two counts of contempt, fined $50 on both counts, and sentenced to consecutive confinement for 10 days in jail. Christopher Ledford, William Peterson and Gregg Copp were all found guilty of one count of contempt, fined $50, and sentenced to confinement for ten days each. Alvin Higgins was found guilty of three counts of contempt, fined $50 on each count, and sentenced to consecutive confinement for 10 days on each count.

On July 18, 1985, a judgment was entered by the court finding Alvin Higgins again guilty of contempt. He received a sentence of five days and a fine of $25. Christopher Ledford was also again found guilty of contempt. He was fined $15 and sentenced to confinement for three days.

Local No. 3–677 was found guilty of four counts of contempt and fined $50 on each count.

The issues before the court: (1) whether the July 18, 1985, contempt convictions of contemnors Higgins, Ledford, and the Local #3–677, Oil, Chemical, and Atomic Workers International Union, are sustained by the evidence beyond a reasonable doubt; (2) whether the June 19, 1985, contempt convictions of contemnors Higgins, Randolph, Ledford, Peterson, and Copp are invalid as based upon an unconstitutionally vague and overbroad injunction; and (3) whether the fines and sentences imposed

upon the contemnors are so harsh and unreasonable as to constitute an abuse of discretion by the trial court.

The evidence: The plaintiff in the civil action from which these contempt convictions occurred is Nuclear Fuel Services, Inc., a corporation located at Erwin, Tennessee. The corporation produces nuclear fuel for the United States Navy. Local # 3-677, Oil, Chemical, and Atomic Workers International Union is the defendant labor union, which called a strike at the plant on May 15, 1985. A series of injunctions was issued by the court as a result of strife which flowed from the strike. The contempt convictions followed from various violations of the court's injunction.

 Since one of the issues tests the sufficiency of the evidence to sustain the July 18 convictions of contempt imposed against Higgins, Ledford and Local # 3-677, the evidence will be reviewed in the strongest legitimate light to the theory of the State. *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978). The burden is now upon the appellants to overcome their presumption of guilt here. *State v. Brown*, 551 S.W.2d 329 (Tenn.1977). At the outset, this issue, other than being alleged, has not been adequately briefed and totally fails to comply with the requirements set forth in T.R.A.P. 27(a)(7) and Rule 10(b) of the Rules of this Court. Appropriate references to the record and authorities have not been made. This issue is therefore waived. *State v. Wallace*, 664 S.W.2d 301, 302 (Tenn.Crim.App.1983). Further, from our review the evidence amply supports the judgments.

 The second issue: It is the contention of Higgins, Randolph, Ledford, and Copp that their convictions of June 19, 1985, are void for the June 4, 1985, injunction was unconstitutionally vague and overbroad. The State, citing *Alladin Industries, Inc. v. Associated Transport, Inc.*, 45 Tenn.App. 329, 323 S.W.2d 222 (1958), counters by arguing that when the trial court, as here, had jurisdiction of the subject matter, such injunction even if erroneous must be obeyed until set aside by the court or an appellate court. Ably, the State further argues that even if the injunction was legally unsound, the appellants should have directed a motion to the court for modification or dissolvement of the injunction. *Walker v. City of Birmingham*, 388 U.S. 307, 87 S.Ct. 1824, 18 L.Ed.2d 1210 (1967). These contemnors cannot disregard with impunity an order from a court which had jurisdiction of the subject matter. We are not impressed with the appellant's reliance on *In Re Green's Petition*, 369 U.S. 689, 82 S.Ct. 1114, 8 L.Ed.2d 1114 (1962) since the court issuing the injunction in that authority was sans jurisdiction. In short, the contemnors cannot now attack the constitutionality of the injunction as attempted here. This issue is overruled.

 The last issue: T.C.A. § 29-9-103(b) gives the trial court the power to impose a fine of $50 and to set confinement for ten days for contemptuous acts. Reviewing the sentences as imposed under *de novo* review without any presumption of correctness, we approve the action of the trial court. Prior to resulting to the injunction, the trial court gave the appellants every chance to conduct a peaceful strike. Once violence occurred, the court issued the injunction. Upon issuing the injunction, the trial judge commented that he had tried to work with the litigants but his limit had been reached. The sentences are not excessive. This issue overruled, the judgment of the trial court is affirmed.

O'BRIEN and SCOTT, JJ., concur.