# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### January 12, 2010 Session

## DEMETRIUS L. LANCASTER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Giles County**
**No. 13311      Stella Hargrove, Judge**

_____

**No. M2008-01804-CCA-R3-PC - Filed February 12, 2010**

_____

The Petitioner, Demetrius L. Lancaster, pleaded guilty to possession of cocaine with intent to sell within 1,000 feet of a school zone, being a convicted felon in possession of a weapon, and sale of .5 grams or more of cocaine. He received an effective fourteen-year sentence, as a Range I, standard offender for these convictions, which sentence was to be served consecutively to a prior seventeen-year sentence. The Petitioner then filed a timely petition for post-conviction relief. The post-conviction court held an evidentiary hearing on the petition and subsequently entered an order denying relief. The Petitioner appeals. Because the record on appeal does not include a transcript of the evidentiary hearing in the post-conviction court, we conclude that the Petitioner has waived the issues argued on appeal. We must presume that the post-conviction court correctly denied post-conviction relief and, therefore, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Stacie Odeneal, Loretto, Tennessee, for the appellant, Demetrius L. Lancaster.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Mike Bottoms, District Attorney General; and Richard Dunavant, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

On September 20, 2006, a Giles County grand jury returned a six-count indictment against the Petitioner, Case Number 12884, charging him with possession of drug paraphernalia, a Class A misdemeanor; simple possession of marijuana, a Class A misdemeanor; possession of Valium with intent to sell within 1,000 feet of a school zone, a Class C felony; possession of Lortab with intent to sell within 1,000 feet of a school zone, a Class C felony; possession of cocaine with intent to sell within 1,000 feet of a school zone, a Class A felony; and being a convicted felon in possession of a weapon, a Class E felony. See Tenn. Code Ann. §§ 39-17-417, -418, -425, -432, -1307. Thereafter, the Petitioner was indicted on December 13, 2006, for sale of .5 grams or more of cocaine, a Class B felony (Giles County Case Number 13098). See Tenn. Code Ann. § 39-17-417.

As a result of these charges, he entered best interest pleas on January 29, 2007, to possession of cocaine with intent to sell within 1,000 feet of a school zone, being a convicted felon in possession of a weapon, and sale of .5 grams or more of cocaine. The remaining charges were dismissed. The facts underlying these offenses were summarized by the State as follows:

> [In Case Number 12884, T]he Giles County Sheriff's Department and the Pulsaki Police Department . . . had surveillance set up on a house where [the Petitioner] was living. They had information that there was drugs being sold from that house.
>
> They obtained a search warrant; they did execute that search warrant on that house. [The Petitioner] was present. They . . . recovered approximately 15 grams of cocaine or cocaine-like substance . . . . And [the Petitioner] did made [sic] some statements that . . . would be used as evidence.
>
> . . . .
>
> . . . [Case Number 13098], involved an informant that was working with the Pulaski Police Department and Giles County Sheriff's Department. [The Petitioner] did sell a quantity of cocaine in excess of .5 grams to that informant . . . .

Pursuant to the terms of the agreement, the Petitioner received an effective fourteen-year sentence as a Range I, standard offender to be served in the Department of Correction. Also, the Petitioner agreed to revocation of a previous seventeen-year sentence,

and that his fourteen-year sentence would be served consecutively to that seventeen-year sentence. He further agreed to plead guilty to several cases in Lawrence County, waiving any venue problems. The State agreed not to pursue any additional drug charges against the Petitioner "which might be pending."

The Petitioner filed a timely pro se petition for post-conviction relief. Counsel was appointed, and an amended petition was filed. The petitions contained allegations of ineffective assistance of counsel, an involuntary guilty plea, and evidence being obtained by illegal means. The post-conviction court held a hearing on June 9, 2008.[1] Following the hearing, the post-conviction court denied the petition. This appeal followed.

**Analysis**

The Petitioner appeals the post-conviction court's denial of post-conviction relief. He contends that "his socio-economic history subjected him to disproportionate pressure from the judicial process preventing him from entering his plea freely, knowingly, and voluntarily."

To sustain a petition for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not reweigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The post-conviction judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

While the post-conviction court's comprehensive order denying post-conviction relief is part of the record on appeal, the Petitioner has failed to include in the record the transcript of the post-conviction hearing.[2] The State argues that the Petitioner's failure to provide a complete and accurate record on appeal precludes appellate review of the issues raised. We

---

[1] We are able to determine that a post-conviction hearing was held based upon the post-conviction court's reference to the hearing in its order denying post-conviction relief.

[2] We feel constrained to note that previous orders of this Court note the absence of a transcript of the post-conviction hearing in the record and allow counsel to file a supplemental record. However, counsel failed to supplement the record, and she was questioned about this failure at oral argument before the Court.

agree with the State. "When an accused seeks appellate review of an issue in this Court, it is the duty of the accused to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal." State v. Roberts, 755 S.W. 833, 836 (Tenn. Crim. App. 1988) (citing Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)); see also State v. Hopper, 695 S.W.2d 158, 160 (Tenn. Crim. App. 1985); State v. Wallace, 664 S.W.2d 301, 302 (Tenn. Crim. App. 1983). Our Court has considered the failure to include such a transcript to be wholly detrimental to a petitioner's case on appeal:

> It is well-established that an appellate court is precluded from considering an issue when the record does not contain a transcript or statement of what transpired in the trial court with respect to that issue. Moreover, the appellate court must conclusively presume that the ruling of the trial judge was correct, the evidence was sufficient to support the defendant's conviction, or the defendant received a fair and impartial trial. In summary, a defendant is effectively denied appellate review of an issue when the record transmitted to the appellate court does not contain a transcription of the relevant proceedings in the trial court.

State v. Draper, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990); see also State v. Groseclose, 615 S.W.2d 142, 147 (Tenn. 1981); State v. Locke, 771 S.W.2d 132, 138 (Tenn. Crim. App. 1988); State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987); State v. Cooper, 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987).

Based upon the burden on the Petitioner to provide the transcript of the post-conviction hearing, see Tennessee Rule of Appellate Procedure 24(b), and the "well-established" law that an appellant waives his appellate issues if he fails to meet this burden, we conclude that the Petitioner has waived the issues brought forth in this post-conviction appeal.[3] Therefore, we must presume that the post-conviction court properly determined that the Petitioner did not establish that he received the ineffective assistance of counsel or that his plea was involuntarily entered.

---

[3] The Petitioner contends that his claim of an involuntary plea survives waiver despite the failure to include the post-conviction hearing transcript in the record. However, just because a transcript of the guilty plea hearing is included in the record, the Petitioner is not excused from also filing a transcript of the post-conviction hearing in order to perfect this issue for our review. See, e.g., Marcus Brooks v. State, No. W2003-02188-CCA-R3-PC, 2004 WL 1656494 (Tenn. Crim. App., Jackson, July 23, 2004).

**Conclusion**

Based upon the foregoing authorities and reasoning, the judgment of the post-conviction court is affirmed.

_____
DAVID H. WELLES, JUDGE