# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 21, 2010

## STATE OF TENNESSEE v. RODERICK SAMMUAL CHADWICK

**Appeal from the Criminal Court for Davidson County**
**No. 2007-D-3266     Monte Watkins, Judge**

**No. M2008-02270-CCA-R3-CD - Filed May 21, 2010**

A Davidson County jury found the Defendant, Roderick Sammual Chadwick, guilty of attempted voluntary manslaughter and aggravated assault.  The trial court imposed concurrent terms of twelve years and fifteen years, respectively, for these convictions.  Under the same indictment, the Defendant pleaded guilty to being a felon in possession of a weapon.  The trial court sentenced the Defendant to six years for this conviction, to be served consecutively to the effective fifteen-year sentence, for a total effective sentence of twenty-one years in the Department of Correction.  In this direct appeal, the Defendant asserts that the evidence was insufficient to support his convictions and that consecutive sentencing was improper.  Because the record on appeal does not include the necessary transcripts of what transpired in the trial court, we conclude that the Defendant has waived the issues argued on appeal.   We must presume that the evidence was sufficient to support his convictions and that the sentencing ruling of the trial court was correct; therefore, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Dumaka Shabazz, Nashville, Tennessee, for the appellant, Roderick Sammual Chadwick.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Hugh Ammerman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Factual Background

This case arises from a May 5, 2007 argument between the Defendant, Ceneka Shaw and Charles Marshall, which occurred next to a club called Decades in downtown Nashville. The argument ultimately led to the Defendant shooting Ceneka Shaw and pointing and shooting his weapon at Charles Marshall, although Marshall was not hit by a bullet. Nearby officers observed someone firing multiple shots in the parking lot next to Decades. They saw a blue vehicle leave the lot, and a pursuit ensued. The car was stopped, and the Defendant and the other two passengers were taken into custody. Following a "show-up" identification on the scene, Marshall identified the Defendant as the shooter. A photograph line-up was shown to Shaw at the hospital, and he likewise identified the Defendant. Additionally, a crane operator was climbing his crane when he heard gunshots and observed the ensuing police chase. The operator saw the person on the front passenger side of the vehicle throw something out the window. Officers later recovered a Glock 9mm pistol at the area the operator described; seven 9mm casings were recovered from the scene of the shooting.

As a result, a Davidson County grand jury returned a three-count indictment against the Defendant on November 19, 2007, charging him with attempted first degree murder, aggravated assault, and being a felon in possession of a weapon. See Tenn. Code Ann. §§ 39-12-101, -13-102, -13-202, -17-1307. The Defendant pleaded guilty to the weapon charge, a Class E felony, see Tennessee Code Annotated section 39-17-1307(c)(2), and proceeded to trial on the remaining two counts. A jury trial was held March 12 through 14 of 2008.

Following the conclusion of the proof, the jury found the Defendant guilty of attempted voluntary manslaughter, a Class D felony, and aggravated assault, a Class C felony. See Tenn. Code Ann. §§ 39-12-101, -13-102, -13-211.

A sentencing hearing was held on August 11, 2008.[1] The Defendant, a career offender, received a sentence of twelve years for the attempted voluntary manslaughter conviction, fifteen years for the aggravated assault conviction, and six years for being a felon in possession of a weapon. The twelve-year and fifteen-year sentences were to be served concurrently with one another but consecutively to the six-year sentence, for a total effective sentence of twenty-one years in the Department of Correction.

---

[1] We glean this information from the judgment forms which reflect that judgments were entered on August 11, 2008. However, it is possible for the hearing to have occurred prior to this date. Moreover, the judgment forms reflect no "file-stamped" date. The designation of the record for appeal also notes an August 11, 2008 sentencing hearing.

The Defendant filed a motion for a new trial on August 18, 2008, challenging the sufficiency of the evidence and alleging that consecutive sentences were imposed in error. The trial court heard and denied this motion on September 17, 2008; an order was later entered memorializing this decision. A notice of appeal document was timely filed.

**Analysis**

The Defendant appeals his convictions and sentence. He first argues that the evidence is insufficient to support a guilty verdict; however, he only makes reference to his conviction for attempted voluntary manslaughter, arguing that the victim started the altercation. Next, he contends that the trial court erred in imposing consecutive sentences, failing to consider all of the factors necessary to find the Defendant to be a dangerous offender pursuant to Tennessee Code Annotated section 40-35-115(b)(4) and State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995). The State argues that the Defendant's failure to provide a complete and accurate record on appeal precludes appellate review of the issues raised. We agree with the State.

The Defendant filed a "Notice of Designation of Record" document on September 29, 2008, which designated the following documents to be included in the record on appeal: the indictment; all pretrial motions; the transcripts of the trial on "May 11, 12, 2008";[2] a transcript of the August 11, 2008 sentencing hearing; a transcript of the September 17, 2008 "evidentiary hearing"; "the judge's order memorializing his decision"; and any exhibits admitted during the above-mentioned trial and hearings. However, there is only one transcript included in the appellate record—the first day of the Defendant's trial, May 12, 2008. The minute entries of the trial court reflect that on May 13, the State concluded its proof in its case-in-chief; the Defendant moved for a judgment of acquittal, which was denied; the defense submitted proof, including the Defendant's testimony; the State presented rebuttal testimony; both parties made closing arguments; and the jury was charged. Because there was insufficient time to conclude the deliberation process, the jury was "respited from the further consideration of the cause" until the following day. Deliberations resumed on May 14, and the jury found the Defendant guilty of the lesser included charge of attempted voluntary manslaughter and guilty as charged of aggravated assault. We further observe that the trial court clerk's "Certificate of Appellate Record" notes that only "1 volume of transcript" was prepared and transmitted to this Court.

Turning to the appellate proceedings in this case, the Defendant filed his notice of appeal document on September 29, 2008. He requested an extension of time to file the transcript of the evidence, which was granted, giving him until January 2, 2009. On April

---

[2] The Defendant incorrectly states the dates of his trial in this notice, which was actually held on May 12-14, not May 11 and 12.

8, 2009, this Court received notice from the clerk of the trial court that the transcript of the evidence had not been filed. Consequently, the Court ordered counsel to inform the Court about the status of this appeal. In response, counsel filed a motion for permission to late-file the transcript of the evidence, stating that the complete transcript had been given to the trial court clerk for filing. Moreover, counsel stated that he "did not know that transcripts were not submitted even though they were requested." This Court reminded counsel that it was the Defendant's ultimate responsibility to monitor the appeal process and ensure that a complete and adequate record was timely prepared; however, we ultimately granted the Defendant's an extension of time and ordered the trial court clerk to file the transcript as of the date of that order (May 13, 2009). Again, only one transcript has been received. Moreover, we note that the Defendant in his brief only cites to testimony from this one transcript.

"When an accused seeks appellate review of an issue in this Court, it is the duty of the accused to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal." State v. Roberts, 755 S.W. 833, 836 (Tenn. Crim. App. 1988) (citing Tenn. R. App. P. 24(b); State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983)); see also State v. Hopper, 695 S.W.2d 158, 160 (Tenn. Crim. App. 1985); State v. Wallace, 664 S.W.2d 301, 302 (Tenn. Crim. App. 1983). Our Court has considered the failure to include such a complete transcript to be wholly detrimental to a defendant's case on appeal:

> It is well-established that an appellate court is precluded from considering an issue when the record does not contain a transcript or statement of what transpired in the trial court with respect to that issue. Moreover, the appellate court must conclusively presume that the ruling of the trial judge was correct, the evidence was sufficient to support the defendant's conviction, or the defendant received a fair and impartial trial. In summary, a defendant is effectively denied appellate review of an issue when the record transmitted to the appellate court does not contain a transcription of the relevant proceedings in the trial court.

State v. Draper, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990); see also State v. Groseclose, 615 S.W.2d 142, 147 (Tenn. 1981); State v. Locke, 771 S.W.2d 132, 138 (Tenn. Crim. App. 1988); State v. Miller, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987); State v. Cooper, 736 S.W.2d 125, 131 (Tenn. Crim. App. 1987). Accordingly, an appellant's failure to include a complete transcript of the proceedings forming the basis of an appeal results in waiver of any challenge of the lower court's ruling. See State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993); Draper, 800 S.W.2d at 493.

Based upon the burden on the Defendant to provide the transcript of the evidence, <u>see</u> Tennessee Rule of Appellate Procedure 24(b), and the "well-established" law that an appellant waives his appellate issues if he fails to meet this burden, we conclude that the Defendant has waived the issues argued in this appeal. We cannot properly review the issues on the record before us. The record is clear that further testimony was given at the Defendant's trial. Transcripts of this testimony are not provided in the record, and we cannot speculate what this testimony might have been. A transcript of the sentencing hearing is not contained in the record on appeal. Therefore, we must presume that the evidence was sufficient to support his convictions and that the trial court properly determined that consecutive sentencing was appropriate.

**Conclusion**

Based upon the foregoing authorities and reasoning, the judgment of the Davidson Court Criminal Court is affirmed.

_____
DAVID H. WELLES, JUDGE