IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 28, 2022

**STATE OF TENNESSEE v. MICHELLE BENNINGTON**

**Appeal from the Criminal Court for Hamilton County
No. 294428   Thomas C. Greenholtz, Judge**

_____

**No. E2021-01163-CCA-R3-CD**

_____

The Defendant-Appellant, Michelle Bennington, appeals the dismissal of her second pro se Rule 36 motion to correct a clerical error on an order revoking her probation.  See Tenn. R. Crim. P. 36.  The sole issue presented is whether the trial court abused its discretion in not applying jail credits the Defendant-Appellant earned on a concurrent sentence in another jurisdiction to the order of revocation.  We affirm the dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JILL BARTEE AYERS and JOHN W. CAMPBELL, SR., JJ., joined.

Michelle Bennington, Henning, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Senior Assistant Attorney General; Neal Pinkston, District Attorney General; and Kristen Spires, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

We rely upon and fully incorporate the procedural history as outlined in the direct appeal of the Defendant's first pro se Tennessee Rule of Criminal Procedure 36 motion wherein this court outlined the underlying facts of the Defendant's case as follows:

> On May 23, 2016, Defendant pled guilty to trafficking for commercial sex act (Count One), contributing to the delinquency of a minor (Count Three), and prostitution (Count Four). Pursuant to a plea agreement, the trial court sentenced Defendant to eight years in Count One and eleven months and twenty-nine days in both Counts Three and Four.  The sentences were

ordered to be served concurrently and were suspended to supervised probation. The judgments provided pretrial jail credit from December 18, 2014, to May 23, 2016.

On July 11, 2017, the trial court issued a capias based on a probation violation report claiming that Defendant tested positive for cocaine, amphetamine, buprenorphine, and methamphetamine. Defendant conceded the violation, and on August 16, 2017, the court partially revoked Defendant's probation through August 26, 2017. The revocation order provided that Defendant would be supervised out of Knox County and would receive jail credit from July 24 to August 16, 2017.

On January 23, 2018, the trial court issued another capias based on a probation violation report claiming that Defendant tested positive for methamphetamine on December 13, 2017. By letter dated June 2, 2019, Defendant notified the court that she was incarcerated in the Tennessee Department of Correction (TDOC) on a sentence out of Knox County. Defendant was transported from prison to Hamilton County on July 19, 2019. On July 22, 2019, Defendant conceded the violation, and the trial court fully revoked probation and ordered Defendant to serve her original sentence. The revocation order provided jail credit from July 19 to July 22, 2019.

On September 19, 2019, Defendant filed a "Motion to Correct Clerical Error on Probation Order" ("the Motion"), claiming that the trial court's July 22, 2019 revocation order failed to award all jail credit to which she was entitled. She claimed that, on December 2, 2016, she pled guilty in Knox County and was sentenced to six years to be served concurrently with her effective eight-year Hamilton County sentence. Defendant moved the court to issue a corrected revocation order to provide 827 days post-judgment jail credit. Specifically, Defendant sought post-judgment jail credit on her Hamilton County sentence for the following: (1) 206 days during which she was incarcerated in Knox County awaiting trial; (2) 37 days during which she was incarcerated in Knox County after she was sentenced on the Knox County charges; (3) 556 days beginning with the full revocation of her Knox County probation on January 12, 2018, through entry of the July 22, 2019 revocation order in Hamilton County during which time she was incarcerated in TDOC; and (4) 28 days that were credited in the Hamilton County August 16, 2017 probation order.

State v. Michelle Bennington, No. E2020-00025-CCA-R3-CD, 2021 WL 753645, at *1 (Tenn. Crim. App. Feb. 26, 2021).

On September 19, 2019, the Defendant filed her first Rule 36 motion, entitled "Motion to Correct Clerical Error on Probation Order," alleging that the July 22, 2019 Hamilton County revocation order failed to recognize jail credits she earned relating to her concurrent Knox County sentence. See Tenn. R. Crim. P. 36. She moved the trial court to provide a total of 827 days of post-judgment credits on her Hamilton County sentence for time served in Knox County. The trial court denied the motion in part, finding that "there was no clerical error in the July 22, 2019 revocation order but found that there was a clerical error in the May 23, 2016 judgments of conviction" and entered amended judgments accordingly. The trial court reasoned that neither omission of jail credit in Hamilton or Knox County constituted a clerical error because the record did not show that either confinement was a post-arrest, pre-plea or post-arrest, pre-revocation confinement arising out of the instant offenses. The Defendant appealed.

This court affirmed the judgment of the trial court and reasoned that Tennessee Code Annotated section 40-23-101(c) only entitles defendants to post-judgment jail credits when the credits arise out of the original offense for which the defendant was convicted. Michelle Bennington, 2021 WL 753645, at *1. Because the credits earned on the Defendant's concurrent Knox County sentence did not arise out of the Hamilton County offense, we concluded that the trial court was not required to recognize those credits on its revocation order. Id. We also noted that the "TDOC, not the trial court, was responsible for calculating post-judgment jail credit" on the Defendant's Hamilton and Knox County sentences and that the remedy sought by the Defendant lay under the Tennessee Uniform Administrative Procedures Act. Id. (citing Tenn. Code Ann. § 40-35-501(r)).

On July 12, 2021, the Defendant filed a second "Motion to Correct Clerical Error on Revocation Order," once again moving the trial court to correct the July 2019 Hamilton County revocation order to reflect jail credits she earned on her concurrent Knox County sentence. The trial court denied the motion on August 25, 2021, finding no error in the Hamilton County judgments with respect to the calculation of time spent in Hamilton County and reasoning that "it is the [] province of the [TDOC] to calculate how [credits earned in various jurisdictions] affect the Defendant's release." In its order denying the Defendant's motion, the trial court thoroughly analyzed the plain language of section 40-35-311 to determine whether it "imposes upon [a trial court] a duty to credit on its own judgment with the time [] spent in custody in other jurisdictions." The trial court determined that the plain language of section 40-35-311(e)(4) did not impose such a duty and denied the Defendant's motion.

The Defendant filed an untimely notice of appeal on October 4, 2021, claiming she did not receive notice of the dismissal until September 29, 2021, five days after the time

for filing an appeal had passed. See Tenn. R. App. P. 4(a). She attached a copy of the envelope she received from prison officials showing the date the notice of appeal was delivered to her, which was September 29, 2021. Tennessee Rule of Appellate Procedure 4(a) ("Rule 4(a)") states that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from[.]" "[H]owever, in all criminal cases, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Id. "Waiver is not automatic and should occur only when 'the interest of justice' mandates waiver." State v. Rockwell, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). Because the Defendant did not receive notice that the motion had been denied until after the time for timely filing had passed, and it appears to have been through no fault of her own, we waive the timely filing requirement in the interest of justice.

## ANALYSIS

The Defendant argues that the Hamilton County trial court erred by dismissing her Rule 36 motion to correct its July 2019 probation revocation order to reflect jail credits she earned in Knox County because it was required to recognize those credits in its order under newly enacted Tennessee Code Annotated section 40-35-311(e)(4) (eff. July 1, 2021). The State contends the Defendant is not entitled to relief because (1) section 40-35-311(e)(4) does not apply to the Defendant's case; (2) this court is precluded from considering the issue because it was previously determined in a prior appeal; and (3) the Defendant has waived her claim by failing to provide an adequate appellate record for review. We agree with the State.

As an initial matter, the State correctly observes that the Defendant failed to include the judgments of conviction or the probation revocation orders from Knox County in the record on appeal. This court "will not consider those issues for which the record is inadequate." State v. Wallace, 664 S.W.2d 301, 302 (Tenn. Crim. App. 1983). "It is the duty of the party seeking review of the action of the trial court to prepare a record sufficient to enable the reviewing court to determine if the discretion has been abused." State v. Bunch, 646 S.W.2d 158, 160 (Tenn. 1983). Although the Defendant attached the Knox County documents as an appendix to her appellate brief, it is well-established that "documents attached to [] appellate briefs but not certified into the record cannot be considered by this [c]ourt as part of the record on appeal." Pittman v. State, No. E2001-00546-CCA-R3-PC, 2002 WL 407226, at *1 (Tenn. Crim. App. Mar. 15, 2002) (citing State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)) (no perm. app. filed). Accordingly, we are without jurisdiction to review this issue, and the Defendant is not entitled to relief.

Waiver notwithstanding, in the instant case, the Defendant asserts for the second time that the Hamilton County trial court was required to recognize jail credits she earned on a concurrent Knox County sentence in its order revoking her probation. This time, however, the Defendant relies upon newly enacted section 40-35-311(e)(4) in support of her contention. Section 40-35-311(e)(4) mandates:

> If a person is serving two (2) or more concurrent probationary sentences and the person's probation is revoked on one (1) probationary sentence, then the person must receive credit for the time served as a result of that probation revocation against any other concurrent probationary sentence that is subsequently revoked in any jurisdiction in this state.

Tenn. Code Ann. § 40-35-311(e)(4) (eff. July 1, 2021).

However, section 40-35-311(e)(4) does not avail the Defendant relief as it is inapplicable to the Defendant's case. The statute did not become effective until July of 2021, almost two years after the Defendant's 2019 probation revocation order. "[S]tatutes are presumed to apply prospectively in the absence of clear legislative intent to the contrary." State v. Thompson, 151 S.W.3d 434, 442 (Tenn. 2004); Van Tran v. State, 66 S.W.3d 790, 797-98 (Tenn. 2001). In this case, the legislature explicitly stated that the changes to section 40-35-311 were to take effect on July 1, 2021, "and apply to court determinations made on or after that date." See 2021 Tenn. Pub. Acts, ch. 409, § 27; State v. Casey Bryan Gibbs, No. M2021-00933-CCA-R3-CD, 2022 WL 1146294, at *5 n.1 (Tenn. Crim. App. April 19, 2022) (the changes made to section 40-35-311 "do not affect the issues before the court because they became effective on July 1, 2021," after the trial court's May 25, 2021 revocation order). Thus, section 40-35-311(e)(4) does not apply to the order at issue.

Because the new code section does not apply to the Defendant's case, the Defendant's claim that the omission of the Knox County jail credits constitutes a clerical error on the Hamilton County revocation order is identical to the claim presented in Defendant's first Rule 36 motion, the denial of which was affirmed by this court on appeal. Michelle Bennington, 2021 WL 753645, at *2. Accordingly, we are precluded from considering the Defendant's claim. See Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998) ("[U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second … appeal are substantially the same as the facts in the first … appeal.").

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE