STATE of Tennessee, Appellee,

v.

Raymond Eugene HARVEY, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

May 9, 1985.

Permission to Appeal Denied by Supreme Court Sept. 30, 1985.

Larry D. Drolsum, Brentwood, for appellant.

W.J. Michael Cody, Atty. Gen., Bettye Springfield-Carter, Asst. Atty. Gen., Nash-

ville, Joseph D. Baugh, Dist. Atty. Gen., David Puckett, Asst. Dist. Atty. Gen., Franklin, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Raymond Eugene Harvey, was convicted of armed robbery. He was sentenced to the custody of the Department of Corrections for a Range II sentence of forty (40) years for the commission of an especially aggravated offense. The record shows that the defendant committed the present offense while on probation for a prior felony conviction. *See* T.C.A. § 40–35–107(3)(C) (Supp.1984).

The defendant first contends that the trial court erred in denying his motion for judgment of acquittal, and secondly, he contends that his sentence was excessive. We find no merit to his first contention, but we do find merit to his second contention, which requires us to modify his sentence.

The evidence is overwhelming to show the defendant's guilt. The State's evidence showed that on February 17, 1984, at approximately 9:30 p.m., the defendant and Eddie Lewis Williams robbed at gunpoint Brad Skinner, manager of a retail liquor store in Brentwood. According to Mr. Skinner, the defendant was an active participant in the robbery and appeared to be "running the show." The defendant took money out of the cash register and did all of the talking during the robbery. The robbers took seven hundred sixty dollars ($760.00) in cash and a bottle of wine.

Within a very few minutes after the robbery, the police stopped the defendant's and Williams's get-away vehicle and arrested both. The gun used in the robbery was found in their car, as well as the stolen bottle of wine. Also, six hundred ninety-seven dollars and twenty cents ($697.20) was found on the defendant's person.

The jury rejected the testimony offered by the defendant and Williams. Their testimony was to the effect that the defendant did not have prior knowledge that Williams was going to rob the victim and that the defendant's participation in the robbery was somehow involuntary. The defendant admitted that he took money from the cash register, but said he did so because he was scared and because Williams instructed him to do so. We note that Williams pled guilty to armed robbery before the defendant's trial.

■ The evidence clearly shows that the defendant voluntarily participated in this robbery. The trial court correctly overruled the defendant's motion for judgment of acquittal. The evidentiary test of T.R. A.P. 13(e) is fully satisfied by the proof in this case.

The defendant's remaining complaint is that his Range II sentence of forty (40) years was excessive. We find merit to this complaint.

■ The record shows that the defendant committed the present offense while on probation from a prior felony conviction. Thus, the trial court properly found that the defendant's present conviction was for an "especially aggravated offense." T.C.A. § 40–35–107(3)(C) (Supp.1984). Therefore the defendant qualified for a Range II sentence. T.C.A. § 40–35–109(c) (Supp.1984).

T.C.A. § 40–35–109(b) (Supp.1984) sets forth the requirements and limitations for a Range II sentence, as follows:

A "Range II" sentence range shall be not less than the minimum sentence plus one-half (½) of the difference between the maximum sentence and the minimum sentence, and not more than the maximum sentence as provided by law.

Armed robbery is punishable by a sentence of "life or for any period of time not less than ten (10) years." T.C.A. § 39–2–501 (1982). We point out also that a life sentence "shall be presumed to be sixty (60) years" for the purpose of "calculating the sentence ranges for offenses for which life imprisonment is a possible punishment." T.C.A. § 40–35–109(d)(1) (Supp. 1984).

Thus, by virtue of the various provisions of the foregoing statutes, the defendant's sentence as a Range II offender could have been set at a minimum of thirty-five (35) years or at any other term of years from thirty-five (35) years up to and including sixty (60) years. The trial court set the defendant's Range II sentence at forty (40) years which is five (5) years more than the minimum sentence that could have been set.

■ Accordingly, the record shows that the defendant was an eligible candidate for a forty (40) year sentence, if such was properly imposed. However, the defendant contends that his sentence was improperly imposed in that the trial court utilized improper criteria in arriving at the forty (40) year sentence. The defendant's specific argument is that the trial court, in arriving at the forty (40) year sentence, considered the fact that the defendant had stood trial on the case.

The record shows that initially the defendant entered a plea of guilty to armed robbery, but later withdrew his plea and stood trial.

At the sentencing hearing, the State's attorney suggested to the trial judge that he should consider imposing more than the required minimum sentence because "this defendant did put the State to trial in this case." The defendant's attorney objected, arguing that the defendant had a right to stand trial before a jury and that consideration of such a factor in imposing a sentence would be "completely immaterial." The trial judge commented that he did not really "know what the court's position should be on that." He further stated that it would be "unnatural not to take it into consideration," but then stated that he did not know "what the Tennessee Appellate Courts say about that." Other comments by the trial judge at the sentencing hearing leave the question confused as to whether he did consider such a factor in fixing the defendant's sentence.

We do point out that at the motion for a new trial hearing, the trial court specifically stated that the defendant's standing trial "wasn't a factor" in his decision, and that the basis for the sentence set "wasn't because he changed his plea."

■ Clearly, the State's attorney's argument at the sentencing hearing that the defendant should receive a higher sentence because he exercised his right to stand trial before the jury was improper. There is nothing either in the Sentencing Reform Act or in any other authority of which we are aware that would authorize a defendant to be penalized in this fashion for exercising his basic constitutional right to stand trial before a jury.

As stated above, we cannot determine from the record of the sentencing hearing whether the trial judge gave consideration, in fixing the defendant's sentence, to the fact that the defendant had exercised his right to a jury trial. Clearly, if he did, it would have been an improper consideration. At any rate, even by accepting the trial judge's statement made at the motion for new trial hearing that he did not consider this improper factor, this would still not solve the problem because there is nothing in the record to show the trial judge's reasons for imposing a higher sentence than the minimum of thirty-five (35) years.

The Sentencing Reform Act requires the trial judge to make specific findings of fact and to give his reasons regarding the sentence set.

T.C.A. § 40–35–209(c) (Supp.1984) reads: A record of the sentencing hearing shall be kept and preserved in the same manner as trial records. The record of the sentencing hearing is part of the record of the case and shall include specific findings of fact upon which application of the sentencing principles were based.

Also, T.C.A. § 40–35–210(c) (1982) again stresses these requirements, as follows: Whenever the court imposes a sentence, it shall place on the record either orally or in writing its findings of fact and reasons as required by § 40–35–209.

The record shows that at the conclusion of the sentencing hearing the trial court merely said:

All right. I find that the defendant has committed an especially aggravated offense and that consequently his sentence falls within range two and I sentence the Defendant to the Department of Corrections for a term of forty years.

 Obviously, there is nothing in the above comment to show any basis for the imposition of a sentence in excess of the thirty-five (35) year minimum. Also, we have thoroughly reviewed the trial judge's other comments made at the sentencing hearing and his comments at the motion for new trial hearing, as well as the language in his sentencing order, and we find nothing therein to show the trial court's reasons for imposing a sentence in excess of the minimum of thirty-five (35) years.

Therefore, we conclude that the defendant's sentence must be reduced to thirty-five (35) years. T.C.A. § 40–35–402(c) (1982).

Accordingly, we affirm the defendant's conviction for armed robbery, but the trial court's judgment is modified to show that the defendant's sentence of forty (40) years is reduced to thirty-five (35) years.

AFFIRMED, AS MODIFIED.

BYERS, J., and BEASLEY, Special Judge, concur.