Raymond Eugene HARVEY, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

Dec. 18, 1987.

Permission to Appeal Denied by Supreme Court May 2, 1988.

Dan R. Beeler, Franklin, Susan Kay, Vanderbilt Legal Clinic, Vanderbilt University, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, Joseph Baugh, Dist. Atty. Gen., Ronald L. Davis, Asst. Dist. Atty. Gen., Franklin, for appellee.

## OPINION

JONES, Judge.

The petitioner, Raymond Eugene Harvey, was convicted of robbery with a deadly weapon and was sentenced to serve a term of forty (40) years in the Department of Correction. On direct appeal this Court affirmed the defendant's conviction, but reduced his sentence to thirty-five (35) years. *State v. Raymond Eugene Harvey*, 700 S.W.2d 571 (Tenn.Cr.App.1985). Subsequently, the appellant instituted this post-conviction proceeding. After an evidentiary hearing on the merits the trial court dismissed the petition.

In the petitioner's brief it is stated "that many of the issues raised in the petition were also argued in the appellant's original argument to this Court," and, thus, the brief submitted is limited to "the issue of ineffective assistance of counsel for counsel's failure to raise the issues of discriminatory purpose in the grand jury and petit jury selection process." However, the issue raised and briefed is "[w]hether the grand jury selection process was discriminatory thus depriving the appellant of his constitutional right to be tried by a fair and impartial jury."

Those issues which were previously determined by this Court on direct appeal cannot be litigated in this post-conviction proceeding. T.C.A. § 40–30–111. See *Givens v. State*, 702 S.W.2d 578, 580 (Tenn.Crim.App.1985); *State v. Oates*, 698 S.W.2d 79, 80 (Tenn.Crim.App.1985); *McBee v. State*, 655 S.W.2d 191, 196 (Tenn. Crim.App.1983). A ground for post-conviction relief has been "previously determined" when "a court of competent jurisdiction has ruled on the merits after a full and fair hearing." T.C.A. § 40–30–112(a). This Court is a court of competent jurisdiction; and, according to the brief, this Court has "previously determined" these issues. See *McBee v. State*, 655 S.W.2d at 196.

These issues are also waived because they have not been briefed by the petitioner. See Tenn.R.App.P. 27. First, the petitioner does not state these propositions in the form of issues as required by Tenn.R.App.P. 27(a)(4). Second, these issues have not been briefed. Tenn.R.App.P. 27(a)(7); *State v. Doelman*, 620 S.W.2d 96, 99 (Tenn.Crim.App.1981); *State v. Roberson*, 644 S.W.2d 696, 699 (Tenn.Crim.App. 1982); *State v. Wallace*, 664 S.W.2d 301, 302 (Tenn.Crim.App.1983); *State v. Lunati*, 665 S.W.2d 739, 749 (Tenn.Crim.App.

1983). Third, nowhere in the brief of the petitioner is there a reference to the record. Tenn.R.App.P. 27(g). See *Campbell County Bd. of Educ. v. Brownlee–Kesterson,* 677 S.W.2d 457, 464 (Tenn.App.1984); *Derryberry v. Martin,* 686 S.W.2d 94, 98 (Tenn.App.1984).

■ The issue which has been briefed has also been waived for failure to make references to the record as required by Tenn.R.App.P. 27(g). However, this Court elects to address the one issue raised by the defendant on the merits.

■ The evidence adduced at the hearing revealed there were approximately 70,000 citizens residing in Williamson County when the petitioner was indicted and convicted. There were approximately 65,000 white residents and approximately 5,000 black residents, a ratio of one black citizen to every thirteen white citizens.

The record is void of any evidence that black citizens, or any other minority for that matter, had been excluded from either the grand or petit juries. To the contrary, there was testimony that at least one black person was a member of the grand jury when it returned the presentment against the defendant. Other black citizens of the community had served on the grand jury as well.

While no black person has ever served as the foreperson of the Williamson County Grand Jury prior to the return of the presentment, two judges had considered the appointment of a black person as foreperson of the grand jury. One judge appointed the first woman foreperson prior to the return of the presentment. His successor in office sought to appoint a black banker as foreperson, but he declined the appointment for business reasons. This too occurred before the return of the presentment. A black person has now been appointed to this position.

Counsel, who represented the petitioner at trial, had served as an assistant district attorney general for approximately five years before entering the private practice of law. He was acutely aware of how the grand and petit jurors were selected as well as their respective compositions. Furthermore, he had litigated this very issue prior to representing the petitioner; and he was informed as to the law relating to discriminatory practices in the selection of the foreman of the grand jury as well as citizens to serve on the petit and grand juries. Based on his knowledge of the facts as well as the law counsel was of the opinion there was no issue in this regard; and a motion challenging these practices would have been an effort in futility. He was of the opinion the issue was frivolous.

Counsel testified that the petitioner did not raise this issue until the trial had commenced and prospective jurors were being questioned during voir dire examination. A letter from the petitioner was read into the record praising the efforts of trial counsel.

In post-conviction relief proceedings the petitioner has the burden of proving the allegations contained in the petition by a preponderance of the evidence. *Clenny v. State,* 576 S.W.2d 12, 14 (Tenn.Crim.App. 1978). When the petitioner seeks a new trial on the ground of ineffective assistance of counsel, the petitioner is required to prove (a) the services rendered or advice given by counsel fell below "the range of competence demanded of attorneys in criminal cases," *Baxter v. Rose,* 523 S.W.2d 930, 936 (Tenn.1975), and (b) the unprofessional conduct or errors of counsel "actually had an adverse effect on the defense." *Strickland v. Washington,* 466 U.S. 668, 693, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). In determining whether the petitioner has satisfied these requirements this Court must give the findings of the trial court the weight of a jury verdict, *Clenny v. State,* supra; and the judgment of the trial court will not be reversed unless the evidence contained in the record preponderates against the findings of fact made by the trial court. *Clenny v. State,* supra.

The evidence contained in the record does not preponderate against the trial court's finding that the petitioner received the effective assistance of counsel. As counsel concluded, a motion challenging the racial composition of the grand and petit juries

would have been meritless as well as an effort in futility. Counsel could not have established a violation of equal protection in the selection of the grand jury forepersons. See *Rose v. Mitchell*, 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979); *State v. Hailey*, 658 S.W.2d 547, 549 (Tenn. Crim.App.1983). Nor could the petitioner have established racial discrimination in the selection of the members of the grand jury. See *Whitus v. Georgia*, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967); *Arnold v. North Carolina*, 376 U.S. 773, 84 S.Ct. 1032, 12 L.Ed.2d 77 (1964). In addition, counsel would likewise have failed in establishing racial discrimination in the selection of citizens for service on the petit juries in Williamson County. See *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

The fact that the petitioner was tried by twelve white jurors does not violate any right. Juries, which are selected to try criminal cases, are not required to mirror the community or reflect the various distinctive groups in the population. *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975); *State v. Nelson*, 603 S.W.2d 158 (Tenn.Crim.App.1980). Nor is there a constitutional guarantee which requires that a person be tried by a jury wholly or partially composed of persons of his own race. *Wheeler v. State*, 539 S.W.2d 812 (Tenn.Crim.App.1976).

The judgment of the trial court is affirmed.

DUNCAN, J., and WILLIAM S. RUSSELL, Special Judge, concur.