IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs October 3, 2000 Session

## STATE OF TENNESSEE v. SAMUEL K. ROBINSON

**Post-Conviction Appeal from the Circuit Court for Giles County**
**No. 9081     Robert L. Jones, Judge**

_____

**No. M1999-00559-CCA-MR3-PC - Filed July 25, 2001**

_____

The appellant appeals from the dismissal of his post-conviction petition wherein he attacks the validity of a probation revocation proceeding. After a review of the record we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN JJ, joined.

Samuel K. Robinson, *pro se.*

Paul G. Summers, Attorney General & Reporter; Marvin E. Clements, Jr., Assistant Attorney General; Mike Bottoms, District Attorney General for appellee, State of Tennessee.

**OPINION**

**Factual Background**

The appellant, Samuel Kimoe Robinson, was convicted of twenty-two criminal offenses including aggravated burglary, burglary, theft and vandalism. He received an effective sentence of fifteen years to be served on probation. On March 13, 1997, after three weeks of probation, probation violation warrants issued against the appellant. At his request the appellant was allowed to represent himself at the revocation hearing held on March 3, 1998.[1] At that hearing the appellant admitted he had violated almost all of the conditions of probation alleged to have been violated in the revocation warrant. He did deny he had committed a burglary in Giles County as alleged in the

_____

[1] Although there was no copy of the transcript of the revocation hearing filed as part of the record in the instant case, we take judicial notice of such transcript which was filed in this Court as part of the record on direct appeal. See, Caldwell v. State, 917 S.W.2d 662 (Tenn. 1996); Delbridge v. State, 742 S.W.2d 266 (Tenn. 1987).

revocation warrant. In mitigation the appellant pleaded that his continued addiction to drugs caused him to commit the multitude of probation violations alleged against him. Following the hearing the trial court revoked the appellant's probation and ordered him incarcerated for the balance of his original sentence.

The appellant filed a direct appeal from the revocation of his probation. In that appeal he did not contest the sufficiency of the evidence supporting the revocation of his probation. Rather, he presented to this Court, (1) an alleged violation of his Sixth Amendment right to a speedy trial at the revocation proceeding and (2) various alleged due process violations. Significantly, the appellant did not claim that his waiver of counsel and pro se representation at the revocation proceeding was constitutionally invalid. On direct appeal this Court addressed the substance of the appellant's claims and found them to be without merit. State v. Samuel Kimoe Robinson, 1999 WL 173671 Giles County, No. 01C01-9803-CC-00153 (Tenn. Crim. App.) (Opinion filed March 31, 1999 at Nashville) *permission to appeal denied* June 28, 1999.

On July 2, 1999, the appellant filed the post-conviction petition which is the basis of this appeal. In that petition the appellant set forth the identical claims he had previously litigated on direct appeal. In addition, the appellant claims his waiver of counsel at the original revocation proceeding was invalid and that he was therefore denied his right to the effective assistance of counsel at the revocation proceeding in violation of his Sixth Amendment rights found in the United States Constitution. Finding, the petition failed to state a colorable claim for relief the trial court summarily dismissed the petition. *See,* Tenn. Code Ann. § 40-30-206(f). From that decision the appellant filed the instant appeal.

### Due Process/Speedy Trial

It appears that these issues were fully adjudicated during the appellant's direct appeal. Such previously determined issues cannot form the basis of post-conviction relief and are subject to summary dismissal by the trial court. Tenn. Code Ann. § 40-30-206(f),(h). *See also*, Harvey v. State, 749 S.W.2d 478 (Tenn. Crim. App. 1987). These issues were properly dismissed by the trial court.

### Waiver of Counsel

As noted earlier, the appellant failed to raise on direct appeal the constitutional validity of his waiver of the right to counsel at the probation revocation proceeding. We hold that he has waived this issue by failing to present it on direct appeal as he could have.[2] Thus, this issue cannot form the basis of post-conviction relief. Tenn. Code Ann. Sec. 40-30-206(g).

---

[2] The appellant's complaints concerning his waiver of counsel refer to a lack of proper advice from the trial court as to his right to counsel and/or self-representation. Thus, the record of the revocation proceeding speaks for itself in this regard and this issue could have been presented on direct appeal.

## Conclusion

The appellant's grounds for post-conviction relief have either been waived or previously determined, and the trial court properly dismissed the petition. Accordingly, the judgment of the trial court is AFFIRMED.

_____

JERRY SMITH, JUDGE