IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 14, 2002

## JOHNNY McCLAIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County
No. 95-B-851    J. Randall Wyatt, Jr., Judge**

---

**No. M2001-02713-CCA-R3-PC - Filed September 5, 2002**

---

The Appellant, Johnny McClain, appeals as of right from the judgment of the Davidson County Criminal Court denying his petition for post-conviction relief. On appeal, the Appellant argues that he received ineffective assistance of counsel. After review of the record, we find that the Appellant's brief fails to provide any argument in support of the issue as presented. Due to the Appellant's procedural default, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Daniel L. McMurtry, Nashville, Tennessee, for the Appellant, Johnny McClain.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

On October 19, 1995, the Appellant was convicted by a Davidson County jury of especially aggravated robbery, aggravated robbery, facilitation of attempted first-degree murder, and two counts of aggravated assault. The trial court imposed an effective seventy-five-year sentence. The Appellant's convictions and sentences were affirmed on direct appeal. *See State v. Johnny E. McClain, Jr.*, No. 01C01-9607-CR-00301 (Tenn. Crim. App. at Nashville, Dec. 1, 1997), *perm. to appeal denied*, (Tenn. 1998).

On November 17, 1999, the Appellant filed a petition for post-conviction relief, alleging that he received ineffective assistance of counsel. An evidentiary hearing was held on October 10, 2001. On October 16, 2001, the post-conviction court denied the Appellant post-conviction relief. This timely appeal followed.

**ANALYSIS**

To succeed in a challenge for ineffective assistance of counsel, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish: (1) deficient representation, and (2) prejudice resulting from the deficiency. The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact; thus, our review of this case is *de novo*. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *State v. Burns,* 6 S.W.3d 453, 461 (Tenn. 1999); *see also Henley v. State,* 960 S.W.2d 572, 578 (Tenn. 1997).

In this appeal, the Appellant contends that trial counsel was ineffective in the following respects:

(1) trial counsel failed to properly review the petitioner's record;
(2) trial counsel failed to prepare the petitioner for sentencing hearing;
(3) trial counsel failed to request a preliminary hearing;
(4) trial counsel failed to prepare for trial with the petitioner;
(5) trial counsel failed to call alibi witnesses; and
(6) trial counsel failed to allow the petitioner a decision making process in his own trial.

Despite his assertions of ineffectiveness, the Appellant's brief contains no authority or argument in support of these factual allegations. The Appellant's entire argument, as set forth in his brief, is recited as follows:

The standard of review for ineffective assistance of counsel is that counsel so prejudiced the defendant that there is a reasonable probability that the jury's verdict would have been different, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2063 (1984).

In this case, the State had a stronger position due to the failures of trial counsel listed so above.

Taking the fact that the failures of the trial counsel put the state is a stronger position and does lead one to conclude that the jury's verdict would have been different under the Strickland test.

The Trial Court erred in denying defendant's petition for post conviction, as the as the failures of trial counsel put the state in a stronger position, thus a reasonable probability that the jury's verdict would have been different exists.

Rule 27 of the Tennessee Rules of Appellate Procedure provides in relevant part that:

> The brief of the appellant shall contain . . . [a]n argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on.

Tenn. R. App. P. 27(a)(7); *see also Harvey v. State*, 749 S.W.2d 478, 479 (Tenn. Crim. App. 1987), *perm. to appeal denied*, (Tenn. 1988). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). In the present case, the Appellant does not provide this court with any explanation as to how his alleged claims of ineffective assistance of counsel (1) were in fact deficient; and (2) how, but for these deficiencies, there was a reasonable probability that the jury's verdict would have been different. In sum, the Appellant has failed to comply with Rule 27(a)(7), Tennessee Rules of Appellate Procedure, which requires that he "[set] forth the contentions . . . with respect to the issues presented, and the reasons therefor . . . " as to why appellate relief is required. Accordingly, we are unable to review on the merits and find the Appellant's claim of ineffective assistance of counsel is procedurally defaulted. The appeal is dismissed.

## CONCLUSION

Based upon the foregoing, we find that the ineffective assistance of counsel issue raised by the Appellant is procedurally defaulted in accordance with Rule 27(a)(7), Tennessee Rules of Appellate Procedure, and Rule 10(b), Tennessee Rules of the Court of Criminal Appeals. Accordingly, the appeal is dismissed.

_____
DAVID G. HAYES, JUDGE