IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2002

## JERRY JAMES HAYES v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Carroll County**
**No. 97cr-1159 PC      C. Creed McGinley, Judge**

_____

**No. W2001-00058-CCA-R3-PC  - Filed November 6, 2002**

_____

The Appellant, Jerry James Hayes, appeals as of right from the judgment of the Carroll County Circuit Court denying his petition for post-conviction relief.  On appeal, the Appellant argues that he received ineffective assistance of counsel.  After review of the record,[1] dismissal of the petition is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOE G. RILEY, JJ., joined.

Billy R. Roe, Jr., Assistant District Public Defender, Camden, Tennessee, for the Appellant, Jerry James Hayes.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Angele M. Gregory, Assistant Attorney General; Robert Gus Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Factual Background**

In 1998, the Appellant was convicted by a Carroll County jury of second degree murder, and was sentenced to a term of twenty-three years imprisonment.  The Appellant's conviction and sentence were affirmed on direct appeal.  *See State v. Jerry James Hayes*, No. 02C01-9810-CC-00338 (Tenn. Crim. App. at Jackson, Aug. 26, 1999).

---

[1]No transcript of the post-conviction hearing is contained in the record because it was destroyed as a result of a fire in the court reporter's home.  A statement of evidence was submitted by the parties in accordance with Rule 24(c), Tennessee Rules of Appellate Procedure.

On July 18, 2000, the Appellant filed a *pro se* petition for post-conviction relief. Following appointment of counsel, the petition was amended to reflect three grounds for which relief was sought:

> (1) Trial counsel should have argued at trial that the deceased victim would not have died except for the failure to wait for an ambulance;
>
> (2) Even though trial counsel did object to the admission of the defendant's confession at the pre-trial level, trial counsel at trial did not argue that the confession was involuntarily given; and
>
> (3) Trial counsel did not call, at trial, Henry Allen as a witness. Petitioner contends that Henry Allen would have testified favorably and his testimony would have been detrimental to the State's case.

An evidentiary hearing was held and, on December 1, 2000, the post-conviction court denied the Appellant post-conviction relief, finding that he received the effective assistance of counsel. This timely appeal followed.

## ANALYSIS

The Appellant raises one issue for our review; whether trial counsel was effective. Despite his assertions of ineffectiveness, the Appellant's brief contains no authority or arguments in support of his position. The Appellant's entire argument, as set forth in his brief, is recited as follows:

> Was trial counsel's strategy of relying on a self-defense argument and disregarding all other trial strategies reckless to the point of rising to the level of ineffective assistance of counsel? Trial counsel should have not put all hopes on a single trial strategy, but should have attacked the State's case in a multi-faceted manner. Trial counsel should have attacked the State's case in the following manner:
>
> 1. By arguing an intervening cause of death "moving the deceased."
>
> 2. By calling all eyewitnesses in the hope that by virtue of their many different views, that some would be beneficial to the defendant.
>
> 3. By arguing to the jury that the statements of the defendant that were not consistent with the self-defense argument were coerced.
>
> It is well settled law that a defendant is not entitled to a perfect defense. Defendant asserts that his defense was so haphazard and so badly thought through that as a result, he did not receive a fair trial, and that in all fairness, should be awarded a new trial.

Rule 27 of the Tennessee Rules of Appellate Procedure provides in relevant part that:

> The brief of the appellant shall contain . . . [a]n argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on.

Tenn. R. App. P. 27(a)(7); *see also Harvey v. State*, 749 S.W.2d 478, 479 (Tenn. Crim. App. 1987), *perm. to appeal denied*, (Tenn. 1988). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). In the present case, the Appellant does not provide this court with any legal authority in support of his ineffective claims or any explanation as to how his grounds of ineffective assistance of counsel affected the verdict. Accordingly, the Appellant's ineffective assistance of counsel claim is waived because of his failure to comply with Tennessee Rule of Appellate Procedure 27(a)(7).

Nonetheless, in the interests of justice, we elect to review the claims presented. The Post-Conviction Procedure Act, Tennessee Code Annotated §§ 40-30-201 to -310 (1997), provides a method by which a defendant may challenge a conviction or sentence for violation of a state or federal constitutional right. Tenn. Code Ann. § 40-30-203 (1997). In order to succeed on a post-conviction claim, the Appellant bears the burden of showing by clear and convincing evidence, the allegations set forth in his petition. Tenn. Code Ann. § 40-30-210(f) (1997).

To succeed in a challenge for ineffective assistance of counsel, the Appellant must establish, under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984): (1) deficient representation, and (2) prejudice resulting from the deficiency. Thus, the Appellant must prove that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and the Appellant must demonstrate that counsel's errors were so serious as to deprive the Appellant of a fair trial, a trial whose result is reliable. *Id.*

With respect to deficient performance, the Appellant must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). This court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [Appellant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citation omitted). We should defer to trial strategy or tactical choices if they are informed ones based upon adequate preparation. *See Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). Additionally, this court should avoid the "distorting effects of hindsight" and "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 689-90.

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "A trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d)); *see Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Fields*, 40 S.W.3d at 458.

## I. Intervening Cause

First, the Appellant argues that "trial counsel should have presented evidence that the deceased victim died because of the negligence of bystanders in failing to wait for an ambulance." With regard to this contention, the post-conviction court found that:

> There was simply no basis in support of this argument. The evidence presented at the trial of this cause indicated that co-workers in an effort to save the life of the deceased rather than waiting on an ambulance had loaded the victim directly in to a vehicle and taken him to the nearest hospital. The proof does not support that the victim would have lived if the parties had waited at the crime scene for emergency personnel.

At trial, the proof established that the Appellant was convicted of second degree murder for the shooting death of a co-worker. The Appellant and the victim, both roofers, began arguing at the work site after the Appellant threw empty beer bottles into the victim's truck. Following a heated exchange, the Appellant, who had armed himself with a pistol, shot the victim in the chest. *Jerry James Hayes*, No. 02C01-9810-CC-00338. At the post-conviction hearing, trial counsel testified that he did not pursue an intervening cause of death argument because it would not have been effective and would have taken away from his self-defense argument. Furthermore, no medical proof was offered at the post-conviction hearing to support an intervening cause of death theory. Moreover, this court has held that in order to convict a defendant of homicide, it is not necessary that the defendant's act be the sole cause of death nor the most immediate cause of death. *State v. Roberson*, 644 S.W.2d 696, 698 (Tenn. Crim. App. 1982). "It is only necessary that the defendant unlawfully contributed to the death of the deceased." *Id.* Finally, allegations of ineffective assistance of counsel relating to matters of trial strategy or tactics rarely provide a basis for post-conviction relief. Counsel is afforded discretion in conducting the defense and is entitled to use his or her best judgment in matters of trial strategy or tactics. *Taylor v. State*, 814 S.W.2d 374, 378 (Tenn. Crim. App.), *perm. to appeal denied*, (Tenn. 1991) (citing *McBee v. State*, 655 S.W.2d 191, 193 (Tenn. Crim. App. 1983)). For all of the foregoing reasons, this issue is without merit.

## II. Involuntary Confession

The Appellant next contends that "trial counsel should have argued to the jury that his confession was involuntary." The post-conviction court rejected this argument because "this matter was fully and thoroughly explored by counsel at appropriate pretrial stages of the proceeding and failure to argue the involuntariness to the jury does not constitute ineffective assistance of counsel." We note that trial counsel did challenge the voluntariness of the Appellant's confession through the appropriate pretrial proceedings. The trial court, not the jury, determines whether the confession was illegally obtained. *State v. Richard Odom*, No. 02C01-9305-CR-0080 (Tenn. Crim. App. at Jackson, Oct. 19, 1994), *rev'd in part*, 928 S.W.2d 18 (Tenn. 1996). Because the trial court determined that the confession was voluntary, it was impermissible to argue such issue to the jury. *Id.*[2] Therefore, we find that the Appellant has failed to prove that trial counsel's performance was deficient.

## III. Eyewitness Testimony

Third, the Appellant argues that trial counsel was ineffective because he failed to call an eyewitness, Henry or Kenny Allen, who would have given testimony favorable to the defense. The post-conviction court made the following relevant findings:

> Apparently this witness was under subpoena by the State, but was not called by either party. At the trial several eye witnesses were called and gave testimony concerning the criminal acts of the defendant. There is no proof in the record that the witness not called would have testified any differently or given testimony favorable to the defendant.

If the claim is based on a failure to properly investigate, then the evidence or witness must be produced so that the post-conviction court judge can properly evaluate the evidence or the witness. *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). The Appellant did not produce this witness at the post-conviction hearing. This court will not speculate as to what the testimony might have revealed. Accordingly, we find the Appellant has failed to establish that he received deficient representation by clear and convincing evidence.

---

[2]We acknowledge that, although the Appellant may not argue the voluntariness of the confession to the jury, he may challenge its truthfulness. *See Monts v. State*, 400 S.W.2d 722, 734 (Tenn. 1966) (it is the duty of the judge to determine the admissibility of a confession and it is for the jury to determine what weight should be given the confession). This, however, is not the issue presented by the Appellant.

**CONCLUSION**

Based upon the foregoing reasons, we do not find that trial counsel's performance was deficient or that the trial produced an unreliable or unjust result. Accordingly, the judgment of the Carroll County Circuit Court dismissing the Appellant's petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, JUDGE