IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2003

## ALPHONZO CHALMERS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-25919     J. C. McLin, Judge**

---

**No. W2002-02270-CCA-R3-PC  - Filed June 13, 2003**

---

The Appellant, Alphonzo Chalmers,[1] appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief.  On appeal, Chalmers argues that he received ineffective assistance of counsel.  After review of the record, we find that Chalmers' brief fails to provide any argument in support of the issue presented.  Due to his procedural default, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Robert Little, Maplewood, New Jersey, for the Appellant, Alphonzo Chalmers.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; John H. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and Ray Lepone, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On December 2, 1999, the Appellant was convicted of first degree murder by a Shelby County jury and received a sentence of life in prison.  The Appellant's conviction and sentence were

---

[1]The record reflects several inconsistencies in the spelling of the Appellant's first name.  As is the policy of this court, we have adopted the spelling that appears on the initial pleading filed in the case, *i.e.*, the *pro se* petition for post-conviction relief.  However, we note that the name also appears as: (1) "Alfonso" Chalmers on the amended petition for relief and on the Appellant's brief; (2) "Alphonso" Chalmers on the trial court's order denying relief; and (3) "Alfonzo" Chalmers on the opinion filed by this court on direct appeal.

affirmed by a panel of this court on direct appeal. *State v. Alfonzo Chalmers*, No. W2000-00440-CCA-R3-CD (Tenn. Crim. App. at Jackson, Apr. 4, 2001).

The Appellant filed a *pro se* petition for post-conviction relief on November 27, 2001, and, after appointment of counsel, an amended petition was filed on March 21, 2002, alleging ineffective assistance of counsel. After an evidentiary hearing, the post-conviction court dismissed the Appellant's petition. This appeal followed.

## Analysis

On appeal, the Appellant asserts that the quality of representation provided by his trial counsel constituted ineffective assistance of counsel. To successfully assert such a challenge, the Appellant bears the burden of demonstrating, by clear and convincing evidence, that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see also* Tenn. Code Ann. § 40-30-210(f) (1997). Under *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the Appellant must establish both: (1) deficient representation, and (2) prejudice resulting from the deficiency.

The issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). "[A] trial court's *findings of fact* underlying a claim of ineffective assistance of counsel are reviewed on appeal under a *de novo* standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). However, *conclusions of law* are reviewed under a purely *de novo* standard, with no presumption of correctness. *Id.*

In this appeal, the Appellant contends that the representation he received from his trial counsel was ineffective. Despite the assertions of ineffectiveness, the Appellant's brief contains no references to the record or any authority or argument in support of these factual allegations. The Appellant's entire argument is recited as follows:

> The representation [the Appellant] received from his counsel failed to rise to the level of competence required in *Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975), in that counsel: (1) failed to prepare adequately for trial; (2) did not raise the issue of diminished capacity before the jury or at trial or on appeal; and (3) did not properly conduct his appeal nor preserve all his issues for appellate review nor seek relief on all available appellate issues.

> Without arguing the entire record, Appellant wishes to point out that the State did not in any way contradict Appellant's contention that his counsel did not preserve all his issues on appeal.

The court should find that the post-conviction court erred in failing to find that Mr. Chalmers' trial counsel was ineffective.

However, the Appellant's argument fails to identify the alleged areas of deficient trial preparation, fails to articulate as to how counsel was not adequately prepared for trial, fails to state why the issue of diminished capacity should have been raised on appeal,[2] and fails to specify how his appeal was improperly conducted or what issues were not preserved for appellate review. Rule 27 of the Tennessee Rules of Appellate Procedure provides, in relevant part, that:

> The brief of the appellant shall contain . . . [a]n argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on.

Tenn. R. App. P. 27(a)(7); *see also Harvey v. State*, 749 S.W.2d 478, 479 (Tenn. Crim. App. 1987). "Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). In the present case, the Appellant does not provide this court with any explanation as to how trial counsel (1) was deficient, or (2) how, but for these deficiencies, there was a reasonable probability that the jury's verdict would have been different. In sum, the Appellant has failed to comply with Rule 27(a)(7). Accordingly, we are unable to review the alleged claims of ineffectiveness on the merits and find that the Appellant's issue is procedurally defaulted. This appeal is dismissed.

### CONCLUSION

Based upon the foregoing, we find that the Appellant's issue of ineffective assistance of counsel is procedurally defaulted in accordance with Rule 27(a)(7), Tennessee Rules of Appellate Procedure, and Rule 10(b), Tennessee Rules of the Court of Criminal Appeals. Accordingly, the appeal is dismissed.

_____
DAVID G. HAYES, JUDGE

---

[2] The Appellant's assertion that the defense of diminished capacity was not presented to the jury appears to be completely inaccurate. Both the Appellant and trial counsel testified that the issue was put before the jury and, indeed, comprised trial counsel's strategy for the case.