# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 3, 2003

## STATE OF TENNESSEE v. RONALD B. FINCH

**Appeal from the Criminal Court for Davidson County**
**No. 2001-A-252     Cheryl Blackburn, Judge**

---

### No. M2002-01050-CCA-R3-CD - Filed August 22, 2003

---

The Appellant, Ronald B. Finch, was convicted by a Davidson County jury of aggravated robbery and attempted aggravated rape. As a result of these convictions, Finch was sentenced to concurrent thirty-year sentences in the Department of Correction. On appeal, Finch raises two issues for our review: (1) whether the evidence was sufficient to support his convictions and (2) whether the sentences imposed were excessive. After review of the record, we find no error. Accordingly, the judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

John E. Rodgers, Jr., Nashville, Tennessee, for the Appellant, Ronald B. Finch.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; J. Ross Dyer, Assistant Attorney General; Victor S. (Torry) Johnson III, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On December 7, 2000, the victim, Kennia Perkins, was working the drive-thru window at a Mrs. Winner's restaurant in Nashville, when the Appellant approached the window and asked for change for the bus. According to Perkins, the Appellant claimed to be new in town and was unsure of how to return to his apartment. Perkins explained that the buses had stopped running for the day and offered to assist him in directions after she got off work. Shortly after Perkins' shift ended, the two left the restaurant together. After walking some distance, the Appellant stopped, produced a gun and police badge, and demanded Perkins' money. The Appellant removed "a hundred dollars in

small money" from the victim's pocket. While still pointing the gun at her, the Appellant ordered Perkins to perform oral sex on him. Perkins refused, and a second demand was made. However, when the Appellant turned to put the stolen money in his pocket, Perkins ran.

The victim proceeded to her mother's house, located nearby, and related what had happened. The two left and, while walking, encountered a patrol car, which they flagged down. Perkins explained that she had been robbed and provided the officer with an account of the events, including the fact that the Appellant possessed a police badge and gun. She furnished the officer with a description of the robber, stating that he was a black male, wearing a dark jacket with a Nissan emblem. She further described the perpetrator as having a "two inch afro" with white patches. Because the victim feared for her safety, the patrolman offered to take her home. While stopped at a traffic light, Perkins spotted the Appellant and pointed him out to the officer. The Appellant was arrested at this point, and a search of his person yielded a retired policeman's badge. However, no money or gun was found during the search of the Appellant's person or upon a later search of the Appellant's apartment.

On February 9, 2001, a Davidson County grand jury returned a two-count indictment against the Appellant charging him with aggravated robbery and attempted aggravated rape. After a January 29, 2002 trial, a jury convicted the Appellant as charged. A sentencing hearing was held on March 20, 2002, and the trial court sentenced the Appellant to concurrent thirty-year terms in the Department of Correction for each class B felony conviction. The Appellant's motion for new trial was denied, and this appeal followed.

**Analysis**

**1. Sufficiency of the Evidence**

On appeal, the Appellant argues that the evidence was insufficient to support his convictions for aggravated robbery and attempted aggravated rape. Although no specific challenge is articulated, the Appellant appears to suggest that, because the victim testified the taking of her money was accomplished by the use of a gun and because no gun or money was ever recovered, the jury's verdict cannot stand.

In considering this issue, we apply the rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). Moreover, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and

resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). These rules are applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of both. *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

In Count 1, the Appellant was charged with aggravated robbery. As indicted, aggravated robbery is defined as robbery accomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon. Tenn Code Ann. § 39-13-402(a)(1) (1997). Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a) (1997). In Count 2, the Appellant was charged with attempted aggravated rape. As charged in the indictment, aggravated rape is defined as the "unlawful sexual penetration of a victim by the defendant" accompanied by the following circumstance:

> (1) Force or coercion is used to accomplish the act and the defendant
> is armed with a weapon or any article used or fashioned in a manner
> to lead the victim reasonably to believe it to be a weapon[.]

Tenn. Code Ann. § 39-13-502(a)(1) (1997). Pertinent to this case, criminal attempt is defined as follows:

> (2) Acts with intent to cause a result that is an element of the offense,
> and believes the conduct will cause the result without further conduct
> on the person's part[.]

Tenn. Code Ann. § 39-12-101(a)(2) (1997).

Viewing the evidence presented at trial in the light most favorable to the State, we conclude that the proof is more than sufficient to support the Appellant's convictions for aggravated robbery and attempted aggravated rape. The victim testified that the Appellant, armed with a small black gun and possessing a police badge, held her at gunpoint, took $100 from her pocket, and repeatedly ordered her to perform oral sex upon him. The victim gave a detailed description of the Appellant, and he was arrested with a policeman's badge in his possession. At trial, the victim again identified the Appellant as her assailant. Testifying in his own behalf, the Appellant admitted that he met the victim at Mrs. Winner's and the two left the restaurant together walking towards his apartment. According to the Appellant, the victim produced a bag of marijuana, at which time he identified himself as a police officer and ordered that she "hand me over the marijuana. And then at that time I stated to her - and I did stated (sic) that, well, if you perform oral sex with me, we can drop this here." Although, the Appellant denied that he possessed a weapon or that he took any money from the victim, the jury is not obligated to accept the Appellant's account of the events. As the exclusive

judges of the credibility of the witnesses, it is the jury's duty to resolve the conflicts in the testimony. Obviously the jury accredited the testimony of the victim. Because we find the evidence legally sufficient, this issue is without merit.

## 2. Sentencing

As his second issue, the Appellant argues that the thirty-year sentences imposed by the trial court for each of his two convictions were excessive. When an accused challenges the length, range, or manner of sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby*, 823 S.W.2d at 169. The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. Despite the Appellant's assertion of excessive sentences, his brief contains no authority or argument in support of the allegation. The Appellant's entire argument, aside from a recitation of the standard of review on appeal, is as follows:

> The Defendant would contend that the trial court imposed an excessive sentence, in both its length and consecutive nature. . . . The Defendant in instant case would submit that the sentence imposed was excessive and should be reduced.[1]

Rule 27 of the Tennessee Rules of Appellate Procedure provides in relevant part that:

> The brief of the appellate shall contain . . . [a]n argument, which may be preceded by a summary of argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on.

Tenn. R. App. P. 27(a)(7); *see also Harvey v. State*, 749 S.W.2d 478, 479-80 (Tenn. Crim. App. 1987). "Issues which are not supported by argument, citation to authorities, or appropriate reference to the record will be treated as waived in this court." Tenn. Ct. Crim. App. R. 10(b). The Criminal Sentencing Act provides that a defendant may appeal from the length, range or manner of the sentence imposed by the sentencing court on one or more of the following grounds:

---

[1]The record clearly establishes that the Appellant's sentences were ordered to run concurrently.

-4-

(1) The sentence was not imposed in accordance with this chapter; or

(2) The enhancement and mitigating factors were not weighed properly, and the sentence is excessive under the sentencing considerations set out in § 40-35-103.

Tenn. Code Ann. § 40-35-401(b)(1)(2). The Appellant's argument of excessive sentences fails to address either of the above grounds or offer any other basis in support of this assertion. As such, the Appellant has failed to comply with Rule 27(a)(7), Tennessee Rules Appellate Procedure.

Notwithstanding the Appellant's noncompliance with the rule, we elect to review the issue upon its merits. The range of imprisonment for a defendant convicted of a class B felony as a persistent offender is "not less than twenty (20) nor more than thirty (30) years." Tenn. Code Ann. § 40-35-112(c)(2) (1997). The weight to be given each enhancement or mitigating factor is left to the discretion of the trial judge. *State v. Boggs*, 932 S.W.2d 467, 475-76 (Tenn. Crim. App. 1996).

The trial court found only one applicable enhancement factor, the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. Tenn. Code Ann. § 40-35-114(2) (Supp. 2002). Because the trial court found one enhancement and no applicable mitigating factor(s), the sentencing court was authorized to set the respective sentences above the minimum. *See* Tenn. Code Ann. § 40-35-210(d) (Supp. 2002). The Appellant's prior criminal history, as set forth in the pre-sentence report, reflects seven felony convictions including robbery, grand larceny, and burglary convictions. The pre-sentence report also notes that the Appellant is a registered sex offender in the State of Florida. We conclude, as did the trial court, that the Appellant's criminal "history in terms of his priors and the length of time spent in custody" supports the imposition of the maximum sentences in this case.

## CONCLUSION

Based upon the foregoing, we conclude that the Appellant's convictions for aggravated robbery and attempted aggravated rape are more than sufficiently supported by the evidence. In addition, we conclude that the thirty-year sentences imposed for each conviction are not excessive. The judgment of the Davidson County Criminal Court is affirmed.

_____
DAVID G. HAYES, JUDGE